MOLDOVAN, APPELLANT, *v.* CUYAHOGA COUNTY WELFARE DEPARTMENT, APPELLEE.

[Cite as Moldovan *v.* Cuyahoga Cty. Welfare Dept. (1986), 25 Ohio St. 3d 293.]

(No. 85-1619—Decided August 13, 1986.)

*Sandra Mendel, Ronald H. Janetzke* and *Robert Weinberger,* for appellant.

*John T. Corrigan,* prosecuting attorney, *Richard A. Hoenigman* and *Jeffrey I. Sherwin,* for appellee.

*Per Curiam.* The sole question before us is whether failure of the common pleas court to serve notice of its final appealable order on appellant or her attorney, whose names and addresses were known, frustrates the purposes of law and justice. We find that it does, and reverse the appellate court's judgment.

Every litigant in Ohio is entitled to "[a]n appeal as of right * * * by filing a notice of appeal * * * within the time allowed * * *." App. R. 3(A). The notice of appeal "* * * shall designate the judgment, order or part thereof appealed from * * *." App. R. 3(C). App. R. 4(A) requires that civil appeals be filed within thirty days from the entry of the judgment appealed. The timely filing of a notice of appeal is a prerequisite to a civil ap-

peal as of right. *Bosco* v. *Euclid* (1974), 38 Ohio App. 2d 40, 42-43 [67 O.O.2d 209].

In the case *sub judice,* appellant claims she had no meaningful notice of the trial court's final appealable order and that this lack of meaningful notice caused her appeal to be untimely. It is well-established that every injured party "shall have remedy by due course of law, and shall have justice administered without denial or delay." Section 16, Article I, Ohio Constitution. The opportunity to file a timely appeal pursuant to App. R. 4(A) is rendered meaningless when reasonable notice of an appealable order is not given. Although appellee asserts that the legal newspaper printed that judgment had been rendered, this does not constitute reasonable notice on a party whose name and address were known. See *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 315, where the court wrote that: "Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." See, also, *New York* v. *New York, N.H. & H. RR. Co.* (1953), 344 U.S. 293, 296, where the court pointed out that "[n]otice by publication is a poor and sometimes a hopeless substitute for actual service of notice. * * *"

The federal government has recognized the harm to principles of justice and fairness that is caused by lack of notice of final appealable orders and has promulgated Fed. R. Civ. P. 77(d) to remedy this situation. It provides:

"Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."

Ohio has no comparable rule, and trial courts occasionally fail to provide interested litigants with reasonable notice of the courts' appealable orders. That is what happened in the case at bar. It would be highly impractical, indeed injudicious, to pretend that the claimed publication of the trial court's judgment in a Cuyahoga County newspaper was reasonably calculated, under all the circumstances, to apprise appellant, or her Franklin County lawyer, that final judgment had been entered and that the time to file an appeal was running. Notice by publication is generally inappropriate except where the address of the party to be served is

unknown, and even then the use of this method is carefully circumscribed. See Civ. R. 4.4.

We feel that, in the interests of justice and fairness, Ohio should have a rule similar to Fed. R. Civ. P. 77(d) to prevent the kind of situation illustrated by the case at bar.[3] Until the time of the promulgation of a new rule, we find that failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution in all pending and future cases. Under the facts and circumstances of the case *sub judice,* reasonable notice was not given.

Accordingly, the judgment of the court of appeals denying jurisdiction is reversed. Appellant is hereby given thirty days from the date of this judgment to appeal the trial court's decision by filing a proper notice of appeal.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

LOCHER and WRIGHT, JJ., concur in judgment only.

---

[3] We find the case of *Americare Corp.* v. *Misenko* (1984), 10 Ohio St. 3d 132, inapposite. There we merely rejected appellants' argument that due process entitled a party to receive actual notice of a trial court decision in order to perfect a timely appeal. We decide only that failure to give reasonable notice renders Section 16, Article I of the Ohio Constitution and App. R. 4 meaningless.