COLUMBIA GAS OF OHIO, APPELLEE, *v.* RILEY, APPELLANT.

(No. 87AP-494—Decided September 24, 1987.)

Pariser & Pariser and *David B. Pariser,* for appellee.
*Lyman & Lyman* and *Webster S. Lyman,* for appellant.

BRYANT, J. Defendant-appellant, Eury Riley, appeals from a judgment of the Franklin County Municipal Court rendered to plaintiff in defendant's absence.

Plaintiff-appellee, Columbia Gas of Ohio ("Columbia Gas"), filed a complaint against defendant on September 17, 1986. Defendant responded with an answer *pro se.* Notice of the scheduled trial date, December 15, 1986, was sent to defendant and to counsel for plaintiff.

By agreement of the parties, on December 8, 1986, plaintiff was granted leave to file an amended complaint, and the trial was continued from December 15, 1986. The agreed entry was signed by counsel for defendant, Webster S. Lyman. On December 11, 1986, the court issued notices for the rescheduled trial date, February 17, 1987. However, rather than mailing notice to counsel for defendant who had entered appearance by virtue of the agreed entry, the court mailed notice to defendant personally.

On February 17, 1987, neither defendant nor his attorney appeared to defend. Pursuant to a judgment entry filed on February 24, 1987, the court granted plaintiff judgment against the

defendant. Defendant moved to vacate the judgment pursuant to Civ. R. 60(A), as the court, in error, had not notified counsel for defendant of the scheduled trial date. The court overruled defendant's motion to vacate, noting that the record indicated defendant had been notified of the trial date as of December 11, 1986.

Defendant has appealed, setting forth two assignments of error:

"1. The trial court committed reversible error in entering a decision and judgment to plaintiff in the absence of defendant.

"2. The trial court committed reversible error in overruling defendant's motion to vacate."

For the reasons set forth below, we sustain defendant's assignments of error.

The record reveals that no notice was sent to counsel for defendant advising him of the rescheduled trial date. Accordingly, the trial court erred in granting judgment to plaintiff without proper notice to defendant's counsel of the trial date. For that reason alone, the judgment of the trial court must be reversed.

In addition, however, under these circumstances, defendant's counsel's absence from court on the rescheduled date was through no fault of his own. Consequently, defendant's motion for relief from judgment pursuant to Civ. R. 60 was well-taken. While defendant presumably moved to vacate the judgment under Civ. R. 60(A) due to the court's error in failing to send the notice of rescheduled trial date to defendant's counsel, defendant's motion falls more appropriately under Civ. R. 60(B). Pursuant to that section, defendant's counsel's failure to appear for trial constitutes excusable neglect. Accordingly, the trial court properly should have granted defendant's motion to vacate judgment.

In accordance with the foregoing,

we sustain both of defendant's assignments of error. The judgment of the trial court is reversed and this case is remanded for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and BOWMAN, JJ., concur.