### Joe Soler Co. v. 5-Star Brokerage, Inc.
*[Cite as 7 AOA 454]*

*Case No. 90AP-505*
*Franklin County, (10th)*
*Decided October 11, 1990*

*William R. Yost, Robins, Preston, Beckett, Taylor & Gugle Co., L.P.A.,* for Appellee.

*Stephen A. Santangelo and Randall J. Imwalle, Weltman, Weinberg & Associates Co., L.P.A.,* for Appellants.

RINGLAND, J.

On December 31, 1977, plaintiff filed a complaint alleging a breach of oral contract, unjust enrichment, and fraud against defendants, 5-Star Brokerage, Inc. ("5-Star") and Randolph King, individually. Defendants filed an answer and counterclaim; originally, both were represented by the same counsel. On November 8, 1988, defense counsel withdrew from the case. Approximately forty-five days thereafter, new counsel entered an appearance for 5-Star only. Defendant King continued to be unrepresented.

On May 9, 1989, an order was journalized allowing 5-Star's attorneys to withdraw. On the following day, May 10, notice of trial was mailed to plaintiff's counsel and to 5-Star's former counsel. No record of any notice was sent to 5-Star or King. The matter proceeded to trial on September 28, 1989 with only plaintiff present. A judgment entry was filed on October 2, 1989 against both defendants on plaintiff's claim of $25,000. In addition, the counterclaim of both defendants was dismissed with prejudice.

Upon learning of the judgment approximately thirty days thereafter, both defendants applied to the court for relief from judgment and motion to stay execution. The court overruled both motions and from that denial of relief from judgment the defendants have appealed. The defendants did not appeal from the original judgment.

Since this appeal is taken from the trial court's refusal to grant relief from judgment and not from the original judgment, the question to be determined is whether the trial court abused the discretionary authority provided by Civ. R. 60(B). See *State, ex rel. Freeman, v. Kraft* (1980), 61 Ohio St. 2d 284. In reviewing the record as well as the criteria set forth in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, it is clear that defendants have shown or have met the criteria in demonstrating a meritorious defense and that the motion was made within a reasonable time. If successful on his Civ. R. 60(B) motion, King intends to defend and assert claims against plaintiff based upon plaintiff's involvement in activities detrimental to defendant's business and clientele. Further, contrary to the parties' contractual arrangement, King states that not only was plaintiff's right to commission terminated in accordance with the parties' agreement but, in addition, that plaintiff owes defendant some commissions, alleging breach of contract

and tortious interference with defendants' contracts. The issue remains as to whether or not the defendants are entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) or (5).

Plaintiff concedes that the court erred in dismissing defendants' counterclaim without notice. However, it argues that defendants had an obligation to keep themselves advised of the progress of the case including dates of trial, citing *Holland v. Amer* (Nov. 29, 1979), Franklin App. No. 79AP-106, unreported (1979 Opinions 3595). Further, it argues that, as a result of not keeping themselves advised, any neglect was inexcusable neglect which would make Civ. R. 60(B)(1) relief from judgment inapplicable.

The sole issue before us is whether the trial court abused its discretion in refusing to grant defendants relief from judgment. Defendants have correctly cited the status of the law as it has existed in this appellate district. However, subsequent to that decision, several cases have been decided by the Supreme Court which held that no duty is owed by defendants to keep themselves apprised.

The Supreme Court held in *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, that due process had been denied a party when notice of a final appeal able order was merely published in a legal newspaper with no notice being sent to the party against whom the judgment has been entered, in spite of the fact that the party's name and address were known. Following *Moldovan,* the Supreme Court, in *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St. 3d 80, noted that to hold otherwise would place an undue burden upon the parties, requiring them to contact the trial court on a daily basis in order to ascertain the status of their case:

"*** The other way for appellants to demonstrate diligence would be to call the trial court each day to see if and when the judge signed the entry. This is not only impractical and unnecessarily burdensome, but it should also be apparent that such a course of action might also be against an appellant's interests." *Id.* at 83.

In accordance with *Moldovan, supra,* and *Atkinson, supra,* the court holds that defendants were denied due process by not being notified that a trial date had been set. It would have been against the best interests of the defendants and indeed unduly burdensome for them to have checked the status of their case on a

daily basis. Under the rationale of *Moldovan* and *Atkinson,* defendants were under no obligation to keep themselves informed as to the status of their case, and as a result of the court clerk's failure to keep them so informed, they were effectively denied due process.

This holding is in accord with *Columbia Gas of Ohio v. Riley* (1987), 38 Ohio App. 3d 151, in which this court held that a party was *entitled to* relief from judgment due to the lower's court's failure to improperly notify defendants' counsel of a rescheduled trial date. By analogy, the defendants here were not notified properly of the trial date which had been set back for a variety of reasons, and on this basis alone, they are entitled to relief from judgment.

Plaintiff relies in part upon the case of *Griffey v. Rajan* (1987), 33 Ohio St. 3d 75, for the proposition that defendants are not entitled to Civ. R. 60(B) relief, but reliance upon *Griffey* is misplaced.

*Griffey* involved a situation where the defendant's secretary had received service of process while the defendant was on vacation and was instructed by the defendant upon his return to contact defendant's malpractice insurance carrier. The person at the insurance company who was supposed to handle the claim against defendant was unavailable when defendant's secretary called, and she never returned the call to defendant's office as was promised. Defendant's secretary thereafter forgot about the lawsuit, taking no further action. Defendant never filed an answer or other responsive pleading, and a default judgment was consequently entered against him. The court in *Griffey* held that the neglect of defendant's insurance carrier was imputable to the defendant, lack of notice is one of the "other reason[s] justifying relief from the judgment," pursuant to Civ. R. 60(B)(5). See, *e.g.,* the following cases in which Civ. R. 60(B)(1) was deemed to be the appropriate avenue for relief:

*Columbia Gas of Ohio v. Riley, supra; Moore v. Emmanuel Family Training Ctr.* (1985); 18 Ohio St., 3d 64 *Doddridge, v. Fitzpatrick* (1978), 53 Ohio St. 2d 9; *Hackett & Arnold, Inc. v. Notash* (Mar. 29, 1990), Cuyahoga App. No. 56736, unreported; *Culickio v. Olive Garden Restaurant* (May 4, 1990), Lucas App. No. L-89-290, unreported; *Bancroft v. Communicators, Inc.* (1986), 34 Ohio App. 3d 165; *Beck Suppliers, Inc. v. Dean Witter Reynolds, Inc.* (Dec. 19, 1986), Sandusky App. No. S-86-16, unreported; *Ries Flooring Co. v. Dileno Constr. Co.* (1977), 53 Ohio App. 2d 255 (Corrigan, J., dissenting); but see, also, the following cases where Civ. R. 60(B)(5) was deemed appropriate: *State ex rel. Pajestka, v. Faulhaber* (1977), 50 Ohio St. 2d 41; *Baek v. Cincinnati* (1988), 43 Ohio App. 3d 158; *Ries, supra; Bernel Foam Products Co., Inc. v. Colamco, Inc.* (Oct. 28, 1982), Franklin App. No. 81AP-985, unreported (1982 Opinions 3264); *Ameritrust Co. v. Gifford* (Apr. 26, 1990), Cuyahoga App. No. 56891, unreported; *Nichols v. Sidney Motors* (Dec. 7. 1988), Lorain App. No. 4348, unreported; *Alside Supply Co. v. Wager* (Sept. 14, 1989), Cuyahoga App. No. 55860, unreported; *Sommerville v. Erie County Commissioners* (July 22, 1988), Erie App. No. E-87-60, unreported; and *State, ex rel. Gyurcsik, v. Angelotta* (1977), 50 Ohio St. 2d 345, 347, in which the court noted that "[i]t is generally held that court errors and omissions are reasons justifying relief under the 'other reason' clause. (See 15 A.L.R. Fed. 243-249, Section 12.)" It is bothersome for this court to see both Civ. R. 60(B)(1) and Civ. R. 60(8) (5) being used as the means of justifying relief for the same reason, *i.e.,* lack of notice, for this flies in the face of the general principle that Civ. R. 60(B)(5) should not be used as a substitute for (iv. A. 60(8)(1). *Hornyak v. Brooks* (1984), 16 Ohio App. 3d 105."

However, in the case *sub judice*, any discussion, of whether Civ. R. 60(B)(1) or Civ. R. 60(B)(5) is the more appropriate ground for relief would merely be academic, since defendants filed their Civ. R. 60(B) motion within one year, and thus can qualify for relief under either subsection. Regardless of the means utilized, defendants are entitled to relief since they were not given notice of important stages in the judicial proceedings, and thus were deprived of due process.

Upon consideration of the foregoing, the lower's court's decision overruling defendants' motion for relief from judgment is hereby reversed, and this cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

WHITESIDE and BRYANT, J.J., concur.

RINGLAND, J., of the Clermont County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.