### In re Guardianship of ROWE.

[Cite as *In re Guardianship of Rowe* (1997), 117 Ohio App.3d 215.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9-96-28.

Decided Jan. 16, 1997.

*Judi K. Hatcher* and *Brent A. Rowland,* for appellant.

*James A. Harris, .Theodore P. Frericks IV* and *Thomas A. Frericks,* for appellee, John O. Rowe.

*S. Fredrick Zeigler,* for appellee, Thomas Rowe.

EVANS, Judge.

This is an appeal by the defendant, George Rowe ("appellant"), son of Ilger O. Rowe, from a judgment of the Court of Common Pleas of Marion County, Probate Division, denying his Civ.R. 60(B) motion to vacate the judgment ordering the sale of his father's farm.

This action arises out of a guardianship and the sale of the ward's property. In March 1990, Thomas Rowe ("the guardian") applied to the probate court to become the guardian of the person and estate of his brother, Ilger O. Rowe. The appointment was granted on April 26, 1990, despite the submission of an investigative report which cautioned the court that there were concerns over the sincerity of Thomas Rowe in his desire to obtain financial control over Ilger's assets.

On August 24, 1995, the guardian filed a complaint for authorization to sell Ilger's farm for the amount of $188,812.20, allegedly the appraised value of the acreage. Appellant sent a response to the court objecting to the sale of the property, which the court filed as an answer to the complaint. At the pretrial conference held on October 12, 1995, appellant requested, and was granted, additional time to obtain an attorney to represent his interests at the hearing on the complaint. The next entry on the court's docket was filed on October 20, 1995. This "default judgment" entry asserted that all interested parties had been

served, and ordered the sale of Ilger's property to pay unspecified "debts." Record of the sale to Dora Rowe and John Rowe, the sister-in-law and nephew of Ilgèr, was filed on November 1, 1995, with no evidence in the record that any attempt was made to offer the farm to any other potential buyer. There is no evidence in the record of any action taken in the case between October 12, 1995 and October 20, 1995, when the sale was ordered. However, an "Amended Confirmation Order," denoted a "final appealable order" of sale was issued by the court and filed on November 20, 1995. Although the clerk sent a copy of this order to appellant via certified mail and regular mail, it was returned as undeliverable both times. The court did not attempt further service, even though the order had been sent to the wrong address. Moreover, the address to which the order was sent was not the address where appellant had been previously served by the court, and it was not appellant's last known address. The order was never sent to appellant's last known address, which is clearly shown in the record and is clearly ascertainable.

Thus, having missed filing a timely appeal, appellant filed a Civ.R. 60(B) motion to vacate the judgment, on several grounds. After the trial court summarily overruled appellant's motion, he timely appealed to this court, asserting the following five assignments of error:

"I

"The trial court abused its discretion in denying appellant's motion to set aside the sale of the farm without an evidentiary hearing because appellees filed no motion for default judgment, no seven-day notice of hearing, and no hearing [sic] if appellant made an appearance, after the filing of the complaint, as the guardian indicated on the order of sale.

"II

"The trial court abused its discretion in denying appellant's motion to set aside the sale of the farm without an evidentiary hearing because the guardian filed no motion for summary judgment [or] notice of hearing, and conducted no hearing pursuant to Civ.R. 56 after appellant filed his answer objecting to the sale of the farm.

"III

"The trial court abused its discretion in denying appellant's motion to set aside the sale of the farm by stating the motion was a substitute for an appeal when the final appealable order was never served on appellant and the appellant had grounds for the motion to set aside the sale.

"IV

"The trial court abused its discretion by denying appellant's motion to set aside the sale of the farm when appellant's due process rights were violated.

"V

"The trial court abused its discretion by denying appellant's motion to set aside the sale of the farm without an evidentiary hearing because operative acts warranted a hearing and it was [an] abuse of discretion to deny the motion without such hearing."

Appellant contends that the trial court, for various reasons, erred in denying his motion to set aside the sale of his father's farm. Based upon our discussion of the relevant Ohio law, below, we sustain appellant's assignments of error and reverse the judgment of the trial court.

In *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 296, 25 OBR 343, 345–346, 496 N.E.2d 466, 468, the Ohio Supreme Court found that "failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution." More recently, in *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 81, 523 N.E.2d 851, 853, the Supreme Court, reversing the decision of the court of appeals, held that "reasonable notice of a final order is required to be given to parties by the deciding court to protect the parties' right to appeal." If reasonable notice and an opportunity to be heard have not been afforded the litigants, they are denied due process of law. *Id.* at 85, 523 N.E.2d at 856, In *Atkinson,* the clerk had not served the appellant with notice of the final order until more than thirty days had elapsed after the filing of the judgment. Appellant's appeal was dismissed by the appeals court for lack of jurisdiction on the basis that it was not timely filed pursuant to App.R. 4(A).

Although the Supreme Court has not stated exactly what kind of notice constitutes reasonable notice, electing instead to leave that task to the legislature and administrative services, see *Moldovan,* 25 Ohio St.3d at 296, 25 OBR at 345–346, 496 N.E.2d 466, 468, we find that a cursory attempt at service, resulting in no notice given at all, clearly is not reasonable under the *Moldovan* and *Atkinson* decisions. There is no evidence in the record of this case that the court ever sent reasonable notice to appellant of the final judgment issued in this case. However, there is evidence in the record that the court knew appellant's proper address, to which the clerk had already sent some prior notices. See *Defini v. Broadview Hts.* (1991), 76 Ohio App.3d 209, 213, 601 N.E.2d 199, 201–202 (judgment properly vacated after appellant had not received proper notice of final appealable order; notation on docket sheet not sufficient to conclusively prove notice); *Welsh v.*

*Tarentelli* (1992), 76 Ohio App.3d 831, 603 N.E.2d 399 (party may not be deprived of right to appeal without proper notice of appealable order from clerk of court). Therefore, as stated above, we find that appellant was denied certain constitutional rights in this case, and we sustain appellant's third and fourth assignments of error. The first and second assignments of error are also sustained. Clearly, appellant made an appearance in this case, and Civ.R. 55(A) entitles him to seven days' notice by the clerk of court and a hearing before judgment may be entered against him. Issues argued under the fifth assignment of error, and some issues raised in the other assignments, *e.g.*, those related to fraud of the guardian, are prematurely raised in this appeal.

Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the court of common pleas, probate division. The cause is remanded to that court with instructions to the court to vacate the judgment ordering the sale of the farm and to order the title to the farm returned to the estate of Ilger Rowe. As Ilger expired after this action was initiated, the executor of his estate may proceed as is deemed appropriate.

*Judgment reversed*
*and cause remanded.*

HADLEY and THOMAS F. BRYANT, JJ., concur.