O P I N I O N
Plaintiffs-appellants Douglas B. Sayer, Administrator, W.W.A., of the Estate of Mary C. Burton, deceased, Douglas B. Sayer, as an individual, Michael Sayer, and D. Quentin Sayer appeal the March 3, 2000 Judgment Entry of the Licking County Court of Common Pleas, General and Probate Division, which dismissed appellants' complaint against defendants-appellees Ronald W. Hanes, Brenda L. Hanes, and Broadview Mortgage Company. Appellants also appeal from the August 31, 2000 Judgment Entry of the same court which entered judgment in their favor as against Appellant Judith L. Epler.
 STATEMENT OF THE CASE AND FACTS
On February 24, 1994, Mary C. Burton died testate. The probate court opened an estate, and appointed appellant Douglas Sayer administrator of his grandmother's estate. In the course of his administration of the estate, Mr. Sayer noticed a number of potential claims against his mother, decedent's daughter, Judith Epler.
Procedurally, this case comes before the Court from three separate cases. While these cases have now been consolidated, a brief history of each case is helpful to the resolution of the issues on this appeal.
 Probate Case No. 94-803(A)
On December 15, 1994, Mr. Sayer, as administrator, filed a concealment action against the Eplers seeking declaratory judgment in the Probate Court. This case was assigned case number 94-803(A). Mr. Sayer requested "the real estate located at 5447 Watkins Road in Pataskala, Licking County, Ohio, now in the name of Judy L. Epler, be declared part of Mary C. Burton's probate estate." The complaint alleged Ms. Epler acted improperly and/or fraudulently when she arranged for the transfer of the real estate on October 26, 1993, and filed for record on November 12, 1993. This transfer resulted in a corresponding reduction in the estate of Ms. Burton.
On April 20, 1995, the Eplers moved to dismiss the amended complaint on the ground the court lacked subject matter jurisdiction. The Eplers argued because Ms. Burton was domiciled in Louisiana at the time of her death, and no real or personal property of Ms. Burton was located in Licking County, the trial court lacked subject matter jurisdiction. Additionally, the Eplers argued the trial court lacked personal jurisdiction because they were not residents of Ohio, and did not have sufficient minimum contacts to make the exercise of jurisdiction over them reasonable. In a July 11, 1996 Judgment Entry, the trial court granted the Eplers' motion to dismiss.
On July 30, 1996, appellants filed an Amended Complaint. On August 2, 1996, the Eplers filed a Motion to Dismiss the second amended complaint because it was filed without leave of court and without written consent of the appellees. On August 9, 1996, Mr. Sayer filed his Notice of Appeal from the July 11, 1996 Judgment Entry dismissing the Eplers.
In a July 21, 1997 Judgment Entry and Opinion, this Court reversed and remanded the trial court's July 11, 1996 Judgment Entry. In our Opinion, we found the trial court had subject matter jurisdiction over the declaratory judgment action to determine whether the real estate at issue should be included in the estate. We further found:
 Since the property at issue in the case sub judice would revert back to the estate if the transfers are found to be invalid, the validity of the transfers is related to the administration of the estate.
We further found the trial court had subject jurisdiction over the concealment action and could order Ms. Epler to account for the decedent's assets.
Appellants had also argued the trial court erred in characterizing Count Two of the amended complaint as a claim for money damages resulting from fraud. We agree appellants' amended complaint included a claim the real estate located at 5447 Watkins Road be declared part of the decedent's estate. Accordingly, we found appellants' theories of recovery, except for those relating to fraud and money damages, were properly before the probate court. Therefore, the trial court improperly dismissed appellants' second cause of action because said cause would "relate to the property of the estate if the probate court determines that the transfer of real and personal property were invalid since the property would revert back to the estate." Sayer v. Epler (Jul. 21, 1997), Licking App. No. 96CA105, unreported at 8.
 Case No. 94-0803(B)
On July 30, 1996, all appellants herein filed a Complaint against Ms. Epler, the Estate of Don Juan Epler, Deceased, his unknown heirs, devisees, and Household Bank, nka Star Bank.
Count ten of the complaint alleged the property located at 5447 Watkins Road was improperly withheld from the estate and should be declared an asset of the estate. Appellants further alleged Ms. Epler unduly influenced Ms. Burton to transfer the property with no consideration. Appellants maintained the deed for the Watkins Road property was void and should be canceled and properly placed in the estate of Ms. Burton. On November 13, 1996, Ms. Epler and the Estate of Don Juan Epler moved to dismiss the complaint. Ms. Epler maintained the doctrine of res judicata
precluded the claims raised in the case. In a November 27, 1996 Judgment Entry, the trial court dismissed the action.On November 29, 1996, appellants filed their Motion in Opposition to the Eplers' motion to dismiss. Further, on the same day, the trial court entered a temporary restraining order prohibiting Ms. Epler from withdrawing funds from banking institutions containing the funds in the name of Mary Burton and restraining the transfer of the property at 5447 Watkins Road.
On December 27, 1996, appellants filed their Notice of Appeal from the November 27, 1996 dismissal. On appeal, the case was consolidated with the appeal in General Division Case No. 96CV439.
 96CV00439
On August 30, 1996, appellants filed an action in the Licking County Court of Common Pleas, General Division, against the Eplers, unknown tenants at 5447 Watkins Road, Household Bank, nka Star Bank, and the Licking County Treasurer. On November 13, 1996, the Eplers moved to dismiss the action based upon res judicata and because appellants had already commenced a second action in the Probate Division of the Common Pleas Court in Case No. 94-0803(B).On December 3, 1996, the trial court dismissed the action on the ground of res judicata.
The record indicates appellants were never served with notice of the dismissal pursuant to Civ. R. 58(B).
On December 9, 1996, Ms. Epler transferred the property at 5447 Watkins Road to the Hanes. The Hanes paid for the transaction with money obtained from Broadview Mortgage Company and secured by a mortgage on the property.
On December 24, 1996, appellants filed a Motion to Vacate or Reconsider the trial court's December 3, 1996 Judgment Entry. On January 3, 1997, appellants filed their Notice of Appeal and Request for Consolidation. In an April 10, 1997 Judgment Entry, the trial court stayed all further proceedings on the trial court level pending a disposition of the appeal.
In a July 7, 1997 Opinion and Judgment Entry, this Court reversed and remanded the November 27, 1996 Judgment Entry dismissing the 94-0803(B) Probate case, and the December 3, 1996 Judgment Entry dismissing General Division case number 96CV00439. This Court found the claims set forth in each of those complaints had not been previously adjudicated and determined. We noted the Probate Court had specifically found it lacked jurisdiction to adjudicate the declaratory judgment in 94-00803(A). Because the dismissal was "otherwise than upon the merits," it was not subject to res judicata. We also found the probate court erred in dismissing Case No. 94-0803(B) because it had violated Local Rule 2 and Civ. R. 6(E) by failing to afford appellants time to respond as required by the rules.On April 2, 1998, the parties filed an Agreed Entry consolidating and transferring Case No. 94-0803(A) and 94-0803(B) to the General Division and consolidating those cases with Case No. 96CV00439. On March 6, 1998, appellees filed their Request for a Preliminary Hearing to determine the issue of subject matter jurisdiction.
This procedural posture led up to the matter sub judice.
On April 23, 1998, appellants filed a Motion to Amend their complaint to substitute Ronald W. Hanes and Brenda L. Hanes for the unknown tenants, and to add Broadview Mortgage Company as a party Appellant. This motion was granted and appellants' first amended complaint was filed on May 5, 1998.
In a May 28, 1998 Judgment Entry, the trial court ordered the release of appellants' $100 bond which had been collected pursuant to the temporary restraining order forbidding the transfer of the Watkins property. On June 2, 1998, appellees filed their answer to the first amended complaint and filed a cross-claim against Judith Epler.
On December 14, 1999, appellees filed a Motion for Leave to file a motion for summary judgment. In a judgment entry filed the same day, the trial court denied appellees' motion.
On July 26, 1999, the matter proceeded to a trial before the court. At that time, the trial court heard the opening statements of counsel, the testimony of Ms. Epler, and the testimony of Mr. Robert Behal, the attorney who prepared the quit claim deed transferring the Watkins Road property from Ms. Burton to Ms. Epler. Cross-examination of Ms. Epler was to continue on July 27, 1999, the second day of trial. However, Ms. Epler became ill and required immediate surgery. The trial court continued the trial until December 15, 1999.
At the close of appellants' case-in-chief, counsel for appellees raised a motion to dismiss. Because of the complexity of the issues, the parties agreed to submit written motions to dismiss and memoranda contra, and the trial was continued.
In a March 3, 2000 Judgment Entry, the trial court granted appellees' motion to dismiss. The trial court found the doctrine of lis pendens
could not be invoked because appellants had failed to post a bond and obtain a stay prior to filing their appeal on December 27, 1996. Because the doctrine of lis pendens did not apply, the trial court found appellees to be bona fide purchasers for value who obtained their interest in the property without notice of the lawsuit. The trial court noted the clerk of court's failure to serve notice of the Hanes' dismissal on appellants in a timely manner, and recognized such failure precluded appellants from filing a bond and a stay before Epler transferred the property to the Hanes'. However, the trial court found that lack of notice did not invalidate, or otherwise affect the judgment of dismissal. Because appellees purchased the real estate after the final judgment had been entered, and because no stay had been granted nor bond posted, the trial court found appellees to be bona fide purchasers.
Further, the trial court found the summary recovery statutes to be inapplicable in this case, where the property at issue was not titled in the decedent's name at the time of decedent's death. Finally, the trial court found that all temporary restraining orders filed in previous cases were not in full force and effect at the time of the transfer of the real estate because the temporary restraining orders were invalid once the cases were dismissed.
In an August 31, 2000 Judgment Entry, the trial court decided the remaining issues presented at trial. The trial court found appellants had proven decedent was incompetent to handle her own affairs when she transferred the Watkins Road property to Ms. Epler. Further, the trial court found Ms. Epler exerted an undue influence over her mother resulting in a conversion of estate assets. Accordingly, the trial court ordered Ms. Epler to perform an accounting, and to return $401,732.65 to the estate. This amount included the value of the Watkins Road property. Finally, the trial court found Ms. Epler committed theft and embezzlement of decedent's assets, both before and after decedent's death.
It is from the March 3, 2000, and the August 31, 2000 Judgment Entries appellants prosecute this appeal, assigning the following as error:
I.
 THE TRIAL COURT PREJUDICIALLY ERRED IN DISMISSING HANES AND BROADVIEW AS DEFENDANTS IN ITS ACTION SINCE SUCH DISMISSAL DISREGARDS THE LAW OF THE CASE AND DENIES THE DECLARATORY RELIEF TO WHICH APPELLANTS ARE ENTITLED.
II.
 THE TRIAL COURT'S REFUSAL TO DECLARE THE WATKINS ROAD REAL ESTATE TO BE A PART OF THE ESTATE OF MARY C. BURTON CONSTITUTES PREJUDICIAL ERROR BECAUSE IT RESULTS IN A DENIAL OF THE RIGHT TO LEGAL REDRESS OF INJURIES CREATED BY ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.
III.
 THE TRIAL COURT ERRED IN DETERMINING THAT APPELLEES HANES AND BROADVIEW ACQUIRED AN INTEREST IN REAL ESTATE SUPERIOR TO THAT OF APPELLANTS.
Appellees have also asserted a conditional cross-appeal from the March 3, 2000 Judgment Entry, assigning the following as error:
 IF THIS COURT FINDS THAT THE MARCH 3, 2000, DECISION OF THE TRIAL COURT WAS IN ERROR, REVERSES IT IN ITS ENTIRETY WITHOUT A REMAND, AND CONCLUDES THAT THE DOCTRINE OF LIS PENDENS DOES APPLY TO THE CIRCUMSTANCES PRESENTED, THEN THE TRIAL COURT'S AUGUST 31, 2000, JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE, TO THE EXTENT THAT IT FOUND THAT BURTON WAS INCOMPETENT TO CONVEY THE PROPERTY TO EPLER ON OCTOBER 26, 1993.
 I
In their first assignment of error, appellants maintain the trial court erred in dismissing appellees because such dismissal disregards the law of the case and denies the declaratory relief to which appellants claim they are entitled. We disagree.
The law of the case doctrine is summarized by the Supreme Court of Ohio in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410, as follows:
 Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.* * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.
A trial judge is without authority to resolve the law at variance with the mandate of the court of appeals upon a former appeal of the case.Stemen v. Shibley (1982), 11 Ohio App.3d 263, 265. The doctrine of the law of the case is necessary, not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution, designating a system of superior and inferior courts, each possessing a distinct function. Id. The Constitution does not grant a court of common pleas jurisdiction to review a prior mandate of a court of appeals. Id.
Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.Nolan, supra, at syllabus. An appellate court may choose to re-examine the law of the case it has itself previously created if that is the only means to avoid injustice. Pavlides v. Niles Gun Show, Inc., (1996),112 Ohio App.3d 609, 615.
We find the doctrine of law of the case inapplicable in the matter subjudice. In appellants' appeal from Case Nos. 94-0803(B) and 96CV00439, the issues before this Court were whether the trial court erred in applying the doctrine of res judicata and whether the trial court erred in violating the local rules and Civ. R. 6(E). In our July 21, 1997 Opinion, we addressed subject matter jurisdiction of the probate court, characterizations of appellants' amended complaint and whether the factual determinations in the case fell within the Declaratory Judgment Act. In reversing and remanding these decisions, this Court did not mandate any particular result. Rather, we empowered the trial court to determine the factual issues and enter judgment accordingly. Because the issues this Court addressed in our July 21, 1997 Opinion were not determinative of the issues in the matter sub judice, we find law of the case does not apply.[1]
Appellants' first assignment of error is overruled.
 II
In their second assignment of error, appellants maintain the trial court's dismissal of appellees amounts to a denial of their right to legal redress under Article I, Section 16 of the Ohio Constitution. Appellants maintain the record demonstrates they were never given notice of the December 3, 1996 Judgment Entry dismissing the Hanes, and were, therefore, unable to obtain a stay of execution before the December 9, 1996 closing of the Watkins Road property. Further, appellants argue they properly relied upon the temporary restraining orders entered in both cases precluding the transfer of the Watkins Road property. We address each of appellants' contentions in turn.
Appellants' first argue they were prejudiced by the lack of notice of the December 3, 1996 Judgment Entry where the clerk of courts and/or opposing counsel failed to provide notice. In support of this proposition, appellants cite Moldovan v. Cuyahoga Welfare Dept. (1986),25 Ohio St.3d 293, where the Supreme Court held failure to give reasonable notice of a final appealable order is denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution in all pending and future cases. Id. at 296. In response, appellees point out the cases cited by appellants do not affect the validity of the judgment.
We find this issue is controlled by Civ. R. 58. The rule provides, in pertinent part:
(A) Preparation; entry; effect
* * *
 A judgment is effective only when entered by the clerk upon the journal.
(B) Notice of filing
* * *
 Upon serving the notice of notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).
Pursuant to this rule, the clerk of court's failure to properly serve appellants with the December 3, 1996 Judgment Entry of Dismissal did not affect the validity of the dismissal.
Appellants next contend the trial court erred in not recognizing the validity of the temporary restraining order issued on November 29, 1996 in Case Number 94-0803(B). We disagree. Once the probate court dismissed the case for lack of jurisdiction on November 27, 1996, it was without jurisdiction to issue the subsequent temporary restraining order.
Accordingly, appellants' second assignment of error is overruled.
 III
In appellants' third assignment of error, they maintain the trial court erred in finding appellees acquired an interest in the real estate superior to the interest of appellants. Specifically, appellants maintain appellees are not bona fide purchasers for value and the doctrine of lispendens operates to defeat appellees' interest.
We must agree with this Assignment of Error and conclude that appellees were not bona fide purchasers. The common law doctrine of lis-pendens has been codified by R.C. 2703.26, providing that when summons has been served or publication made, an action is pending so as to charge third persons with notice of its pendency, and while pending, no interest can be acquired by third persons in the subject of the action. If a third party acquires an interest in the property while the lawsuit is pending, the party takes subject to the final outcome of the suit. Levin, supra.
Appellant's failure to post a bond or obtain a stay of execution of the December 3, 1996 judgment entry, did not give appellees the right to rely upon the finality of the trial court's judgment. At the time of the closing on the property, an appeal was pending in the Court of Appeals on Case No. 96CA105. Appellees had been served with the summons and complaint prior to their purchase of the property, and were clearly aware that claims were pending against Epler regarding the subject property. Although appellants failed to seek a stay of execution pending appeal in this court, we must conclude that the doctrine of lis pendens prevented appellees from claiming that they were bona fide purchasers of the property in the instant case. We sustain Assignment of Error III and reverse the judgment of the Licking County Common Pleas Court.
As to the conditional cross-appeal contending that the Trial Court's Judgment of August 31, 2000, was against the manifest weight of the evidence, we must disagree.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
In the case sub judice there was competent, credible evidence to support the Court's Judgment.
This cause is therefore remanded in accordance with the rulings herein.
 ______________________ Boggins, J
By: Gwin, P.J. concurs, Hoffman, J. dissents.
[1] Appellants maintain our June 21, 1997 Opinion required the trial court to order the return of the Waktins Road property to the estate if it found the transfer from decedent to Ms. Epler to have been fraudulent. We disagree.
Our review was limited to the state of the record as it existed on the date of the Probate Court's original determination. At that time, Ms. Epler was the record owner. However, as we review the record in the mattersub judice, the Hanes are the record owners. Because of this significant factual difference in the state of the record title owner, law of the case cannot apply.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and remanded. Costs assessed to appellees.