DECISION AND JUDGMENT ENTRY {¶ 1} Appellant, Larry Taylor, was convicted of kidnaping and rape in 1995. His conviction was affirmed by this court in 1996. In 2001, Taylor filed a motion for a new trial which was denied. On November 1, 2002, Taylor filed the present timely appeal challenging that denial. The case is now before us on two motions filed by Taylor; his "motion to correct the record — motion of reconsideration" and his "motion of responce [sic] to prosecution." We will consider these motions together.
 {¶ 2} In these unartfully titled motions, appellant is in essence requesting that this court allow him to appeal two additional recent decisions of the trial court. Taylor states that he needs leave to file the new appeals because they were entered on the court's journal more than 30 days ago and the clerk of courts has never notified him of these decisions. We will treat the motions together as a single motion for leave to appeal. "[C]ourts in general refuse to place form over substance. See Mills v. Mills (September 21, 1990), Montgomery County App. No. 12100, unreported; and footnote 1 of State v. Bailey (November 2, 1989), Cuyahoga App. No. 56167, unreported." State v. Jackson (June 22, 1995), Cuyahoga App. No. 67025, 67876 68085.
 {¶ 3} One of the decisions Taylor wishes to appeal denied his motion for a DNA test on the evidence used in his trial in 1995; the other decision denied his motion for post-conviction relief. Appellant correctly states that even though the orders he wishes to appeal were entered on the trial court's journal on March 3, 2003 and March 21, 2003, respectively, he has never been served with a copy of either order by the clerk of courts. Thus, Taylor argues that his time to appeal those decisions has not yet begun to run and he should be allowed to appeal them now. We agree.
 {¶ 4} R.C. 2505.02 governs what orders are final and may be appealed. Section (B)(2) of that code section states:
 {¶ 5} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 6} "* * *
 {¶ 7} "(2) An order that affects a substantial right * * * upon a summary application in an action after judgment."
 {¶ 8} We find that the orders denying Taylor's motion for DNA testing and for post conviction relief are final and appealable under this definition.
 {¶ 9} We further find that the time to appeal these decisions has not yet begun to run because the decisions have never been served on Taylor pursuant to Civ.R. 58(B), which states:
 {¶ 10} "(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."
 {¶ 11} In Atkinson v. Ohio Grumman Corp. (1988), 37 Ohio St.3d 80, the court states:
 {¶ 12} "We stated in Moldovan v. Cuyahoga Cty. Welfare Dept.
(1986), 25 Ohio St.3d 293, 295, 25 OBR 343, 345, 496 N.E.2d 466, 467, that `[t]he opportunity to file a timely appeal pursuant to App.R. 4(A) is rendered meaningless when reasonable notice of an appealable order is not given.' After recognizing the thrust of Fed.R.Civ.P. 77(d), which requires the mailing of a notice of the entry to the parties, this court held `that failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section16, Article I of the Ohio Constitution in all pending and future cases.'Moldovan, supra, at 296, 25 OBR at 345-346, 496 N.E.2d at 468." Id. at 81 — 82. (Footnotes omitted.)
 {¶ 13} Atkinson v. Ohio Grumman Corp. holds that the time to file an appeal does not begin to run unless the appellant has been properly served with notice of the final judgment of the trial court and that service is reflected by an entry on the appearance docket. Even thoughAtkinson is a civil case, its holding is also applicable to final decisions on motions filed by defendants after their criminal convictions. See State v. Lawhorn (Apr. 10, 1997), Cuyahoga App. No. 71166 (postconviction motion to vacate plea); State v. Blount (Aug. 26, 1993), Cuyahoga App. No. 65095, 65096 (Civ.R. 60(B) motion to vacate the order dismissing defendant's petition for postconviction relief); Statev. Jackson (June 22, 1995), Cuyahoga App. No. 67025, 67876 68085 (motion for relief from his judgment of conviction); and City of UpperSandusky v. Studer, 3d Dist. No. 16-01-18, 2002-Ohio-5139, appeal not accepted for review, 98 Ohio St.3d 1477, which states the rationale behind the notice requirement ("The rule of law is that this notification by mail applies only to final appealable judgments or orders to ensure that a party suffers no prejudice by a final judgment of which he was unaware.")
 {¶ 14} The record in this case shows that the clerk of courts has never served Taylor with notice of the March 3, 2003 or the March 21, 2003 final, appealable decisions. Thus, Taylor can file timely appeals from these decisions now. He does not need leave of court to file late appeals and he does not have to wait for the clerk of courts to serve him with notice of those judgments. His appeals will not be late as long as they are filed within 30 days of the date the clerk of courts does serve him with notice of the judgments and notes that service on the appearance docket pursuant to Civ.R. 58(B), an act that has not yet occurred.
 {¶ 15} Accordingly, Taylor's "motion to correct the record — motion of reconsideration" and his "motion of responce [sic] to prosecution," which we are treating together as a single motion for leave to file late appeals, is unnecessary and therefore is denied.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and Arlene Singer,J., CONCUR.