THE STATE EX REL. SAUTTER ET AL., APPELLANTS,
*v.* GREY, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Sautter v. Grey,* 117
Ohio St.3d 465, 2008-Ohio-1444.]

(No. 2007–1720—Submitted March 26, 2008—Decided April 2, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment of the court of appeals that vacated its earlier judgment dismissing an original action in mandamus and prohibition. The court of appeals held that because the clerk of courts had not timely served notice of the original judgment on the parties, the time for filing a notice of appeal with this court began to run on the date that the clerk belatedly served the notice. Because the court of appeals' holding in effect denied appellants their right to appeal the judgment in the writ case, we reverse.

{¶ 2} Appellants, Roland Sautter and Edward Sickmiller, are taxpayers and residents of Morrow County. Appellants filed an action in the Court of Appeals for Morrow County for writs of mandamus and prohibition (1) to compel appellee Judge Lawrence Grey of the Morrow County Court of Common Pleas, to vacate a declaratory judgment in favor of appellees C & DD Acquisitions, Ltd. and its subsidiaries, Harmony Environmental, Ltd. and Washington Environmental, Ltd., (2) to prohibit Judge Grey from modifying, reaffirming, or ratifying the declaratory judgment, and (3) to compel appellees Morrow County zoning officials to enforce the existing zoning laws as if the declaratory judgment were a nullity.

{¶ 3} On April 18, 2007, the court of appeals entered a judgment granting summary judgment in favor of appellees and dismissing appellants' writ action. On that date, the Morrow County clerk of courts received the judgment entry and opinion in the case, but as a result of an oversight by the clerk's office, the clerk did not deliver notice of the judgment to the parties and failed to note receipt of the judgment entry and opinion in the appearance docket.

{¶ 4} Appellants' counsel was notified by opposing counsel on June 12 of the court of appeals' judgment in the writ case. Appellants' counsel then contacted the clerk's office and was told that the office was unaware that the court of appeals had issued a judgment and opinion. The clerk delivered a copy of the April 18 judgment and opinion to the parties' counsel on June 18 and noted the delivery on the appearance docket.

{¶ 5} Appellants' counsel attempted to file a notice of appeal from the court of appeals' judgment with this court on June 29, but the clerk of this court rejected the notice of appeal as untimely.

{¶ 6} Appellants filed a motion in the court of appeals to vacate and reissue the court's April 18 judgment entry and opinion to enable appellants to perfect an appeal from that judgment to this court. Appellants attached an affidavit of one

of their attorneys as well as an affidavit of the Morrow County clerk of courts. The clerk admitted that her office had "neglected to properly and timely notify all counsel of record in the [*State ex rel.*] *Sautter* [*v. Grey*, 2007-Ohio-1831, 2007 WL 1151878] action of the [April 18, 2007] Judgment Entry and Opinion issued by the Fifth District Court of Appeals" and further acknowledged that "the filing of the Judgment Entry and Opinion were not entered in the appearance docket until June 18, 2007." Appellees did not file a response to appellants' motion.

{¶ 7} On August 13, the court of appeals granted appellants' motion in part by vacating its April 18 opinion and judgment entry. Nevertheless, the court of appeals refused to reissue its opinion and judgment entry and instead ordered that "the service date of the opinion on June 18, 2007 began the time for filing a Notice of Appeal with the Supreme Court."

{¶ 8} In their appeal as of right, appellants assert that the court of appeals erred in failing to reissue its April 18 judgment entry and opinion and instead ordering that the clerk's June 18 service of the entry and opinion on the parties began the time for filing a notice of appeal to this court. We agree and reverse the judgment of the court of appeals.

{¶ 9} "[F]ailure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution." *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 296, 25 OBR 343, 496 N.E.2d 466. "The opportunity to file a timely appeal * * * is rendered meaningless when reasonable notice of an appealable order is not given." Id. at 295, 25 OBR 343, 496 N.E.2d 466. "[F]or due process purposes litigants are entitled to reasonable notice of the trial court's appealable orders." *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 85, 523 N.E.2d 851.

{¶ 10} "*Moldovan* and *Atkinson* stand for the proposition that if a right of appeal from a trial court's judgment is to have meaning, the parties to the judgment or their attorneys of record must be given notice of the judgment before the time for appeal begins to run." *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 133, 554 N.E.2d 1324.

{¶ 11} The Rules of Civil Procedure are generally applicable in original actions for extraordinary writs. See, e.g., *State ex rel. Ahmed v. Costine*, 99 Ohio St.3d 212, 2003-Ohio-3080, 790 N.E.2d 330, ¶ 5, fn. 1 ("Civ.R. 41(A)(1)(a) is not clearly inapplicable to Ahmed's prohibition and mandamus claims"); *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 150, 656 N.E.2d 1282 ("The Civil Rules may apply to habeas corpus cases where not 'clearly inapplicable' by their nature").

{¶ 12} Civ.R. 58, which is not clearly inapplicable to original actions filed in courts of appeals, provides the following procedure for serving notice of a judgment on the parties:

{¶ 13} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. *Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket.* Upon serving the notice and notation of the service in the appearance docket, the service is complete. *The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."* (Emphasis added.)

{¶ 14} App.R. 4(A) provides:

{¶ 15} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶ 16} In those cases in which both Civ.R. 58(B) and App.R. 4(A) are applicable, if service of the notice of judgment and its entry is made within the three-day period of Civ.R. 58(B), the appeal period begins on the date of judgment, but if the appellants are not served with timely notice, the appeal period is tolled until the appellants have been served. *In re Anderson* (2001), 92 Ohio St.3d 63, 67, 748 N.E.2d 67. Consequently, App.R. 4(A) "tolls the time period for filing a notice of appeal * * * if service is not made within the three-day period of Civ.R. 58(B)." *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 431, 619 N.E.2d 412.

{¶ 17} The evidence is uncontroverted here that the clerk of the court of appeals failed to serve notice of the April 18 judgment entry and opinion and the date of its journal entry upon the parties in accordance with Civ.R. 58(B). Cf. Loc.App.R. 11(A) of the Fifth District Court of Appeals ("immediately upon the entry of an order or judgment of this Court, the Clerk of this Court shall deliver a copy of the order or judgment and a copy of any accompanying memorandum-opinion to all counsel and to any party not represented by counsel and shall make a note of the delivery in the appearance docket of the Court of Appeals"). Therefore, the court of appeals correctly vacated its April 18 judgment. The court of appeals then apparently applied App.R. 4(A) by ruling that because appellants were served with the April 18 judgment entry and opinion on June 18, their time to appeal that judgment to this court began to run on June 18.

{¶ 18} The court of appeals erred in so holding. App.R. 4(A) does not apply to appeals to this court from courts of appeals. See App.R. 1(A) ("These rules govern procedure in appeals to courts of appeals from the trial courts of record in Ohio"); see also *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 608, 653 N.E.2d 659 (based on App.R. 1(A), "App.R. 13(D) could not have been applicable to this original action in the court of appeals").

{¶ 19} Instead, the Supreme Court Rules of Practice govern appeals from courts of appeals to this court. S.Ct.Prac.R. II(2)(A)(1) provides the following with respect to perfecting an appeal from a court of appeals to the Supreme Court:

{¶ 20} "(a) To perfect an appeal from a court of appeals to the Supreme Court, * * * the appellant shall file a notice of appeal in the Supreme Court within 45 days from the entry of the judgment being appealed. The date the court of appeals filed its judgment entry for journalization with its clerk, in accordance with App.R. 22(E), shall be considered the date of entry of the judgment being appealed. * * *

{¶ 21} "(b) * * * [T]he time period designated in this rule for filing a notice of appeal and memorandum in support of jurisdiction is mandatory, and the appellant's failure to file within this time period shall divest the Supreme Court of jurisdiction to hear the appeal. The Clerk of the Supreme Court shall refuse to file a notice of appeal or a memorandum in support of jurisdiction that is tendered for filing after this time period has passed."

{¶ 22} This rule does not provide a tolling provision similar to that in App.R. 4(A) based on the date that the parties are served with notice of the court of appeals' judgment. When appellants attempted to file their notice of appeal from the April 18 judgment within 45 days of when they were served with notice of the judgment by the clerk of the court of appeals, the clerk of the Supreme Court correctly refused to file it based on S.Ct.Prac.R. II(2)(A)(1)(b) because it was not filed within 45 days of the April 18 entry of judgment.

{¶ 23} Therefore, given the inapplicability of App.R. 4(A) and the absence of a comparable provision in this court's Rules of Practice, the court of appeals erred in refusing to reissue its April 18 judgment and in failing to permit appellants to appeal the reissued judgment. By holding in its August 13 judgment that appellants had 45 days from the June 18 service of the April 18 judgment on them to perfect their appeal to this court, the court of appeals in effect denied appellants their right to appeal. By August 13, the appeal period had already expired. Requiring the court of appeals to reissue its April 18 judgment with the notice prescribed by Civ.R. 58(B) will afford appellants their constitutional right to reasonable notice of the judgment before the time to appeal begins to run. *Moldovan, Atkinson,* and *Swander Ditch.*

{¶ 24} Based on the foregoing, we reverse the judgment of the court of appeals and remand the cause to that court to reissue its April 18 judgment with the appropriate service of notice.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Rendigs, Fry, Kiely & Dennis, L.L.P., and Curtis E. Kissinger, for appellants.

Rayle, Matthews & Coon and Max E. Rayle, for appellees C & DD Acquisitions, Ltd., Washington Environmental, Ltd., and Harmony Environmental, Ltd.