ROTHMAN, APPELLANT, *v.* ROTHMAN, APPELLEE.

[Cite as *Rothman v. Rothman,* 124 Ohio St.3d 109, 2009-Ohio-6410.]

*Litigants in Ohio are entitled to an appeal from a trial court judgment when a notice of appeal is timely filed — Appellant was wrongly deprived of his right to appeal when this court's decision in Wilson v. Wilson was applied retroactively to his case.*

(No. 2008-2056 — Submitted June 16, 2009 — Decided December 10, 2009.)

APPEAL from the Lorain County Court of Appeals, No. 07CA009295, 2008-Ohio-4501.

_____

PFEIFER, J.

{¶ 1} The question in this case is whether the appellant was deprived of his right to appeal when a decision by this court was applied retroactively to his case. We conclude that he was and reverse the judgment of the court of appeals.

**Facts and Background**

{¶ 2} Appellant, Eric Rothman, and appellee, Kathleen Rothman, were married in 1973. In June 2002, the Rothmans separated; Kathleen subsequently filed for divorce. On June 19, 2007, the trial judge issued a judgment entry granting the divorce and ordering Kathleen to submit a qualified domestic relations order ("QDRO") within 30 days. When Kathleen did not submit a QDRO, Eric sought and received a 30-day extension to submit his own proposed QDRO, which he submitted on August 24, 2007. On November 13, 2007, the court issued a QDRO in the case.

{¶ 3} On November 19, 2007, Eric Rothman filed a notice of appeal. The next day, this court released *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-

Ohio-6056, 878 N.E.2d 16, in which we held that "[a] divorce decree that provides for the issuance of a [QDRO] is a final, appealable order, even before the QDRO is issued." Id. at syllabus. The court of appeals, applying *Wilson* retroactively, concluded that the judgment entry issued on June 19, 2007, in this case was a final, appealable order. The court therefore concluded that Eric's notice of appeal, which was filed five months after the judgment entry, had been filed outside the 30-day time frame for filing an appeal under App.R. 4(A), and it dismissed the appeal. We granted Eric's discretionary appeal.

**Analysis**

{¶ 4} Litigants in Ohio are entitled to an appeal from a trial court judgment when a notice of appeal is filed within the time allowed. App.R. 3(A). See *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d. 80, 84-85, 523 N.E.2d 851. The right to an appeal "is a property interest and a litigant may not be deprived of that interest without due process of law." Id. at paragraph one of the syllabus. Furthermore, "[t]he opportunity to file a timely appeal * * * is rendered meaningless when reasonable notice of an appealable order is not given." *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 295, 25 OBR 343, 496 N.E.2d 466; *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶ 9.

{¶ 5} The judgment entry in the Rothman divorce was issued in Lorain County, which is within the Ninth Judicial District. Prior to our decision in *Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, the settled law in the Ninth District was that a divorce decree was not a final, appealable order until a required QDRO had been issued. See *Miller v. Miller*, 9th Dist. No. 07CA0068-M, 2008-Ohio-2106, ¶ 8 ("Prior to the Ohio Supreme Court's decision in [*Wilson*], it was this Court's position that a divorce decree was not a final, appealable order until the trial court also adopted the parties' QDRO(s)"). Thus, Eric could not

2

have appealed from the judgment until the QDRO was issued by the trial court, because, according to the then existing case law, there would have been no final, appealable order to appeal. Pursuant to the court of appeals' decision, Eric also could not properly file a notice of appeal after the QDRO was issued, because the QDRO had not been filed until more than 30 days after the date of the divorce decree, rendering the notice of appeal untimely. So even though Eric had a right to appeal the trial court judgment, the court of appeals determined that there was no time before or after the QDRO was issued when he could properly have filed a notice of appeal.

{¶ 6} "It is well established that every injured party 'shall have remedy by due course of law, and shall have justice administered without denial or delay.' Section 16, Article I, Ohio Constitution." *Moldovan*, 25 Ohio St.3d at 295, 25 OBR 343, 496 N.E.2d 466. In *Moldovan*, we concluded that notice by publication did not provide reasonable notice of an appealable order, as required by Section 16, Article I of the Ohio Constitution. Id. Today we conclude that the right to appeal must include a reasonable opportunity to file a timely appeal. As discussed, in this case, Eric did not have a reasonable opportunity to file a timely appeal; an appeal would have been unripe before the issuance of the QDRO and untimely after the issuance of the QDRO. We conclude, therefore, that Eric was deprived of his right to an appeal. A party's right to appeal is rendered meaningless unless he has a reasonable opportunity to file a timely notice of appeal.

{¶ 7} We need not address the court of appeals' conclusion that *Wilson* should be applied retroactively. Even if *Wilson* should be applied retroactively, it cannot be applied retroactively when it would render a party's right to appeal meaningless.

**Conclusion**

**{¶ 8}**  We reverse the judgment of the court of appeals and remand the cause to the court of appeals with instructions that it allow Eric Rothman a reasonable opportunity to file a notice of appeal.

**{¶ 9}**  We recognize that there may be similarly situated litigants in other cases where appeals from a divorce decree that provides for the issuance of a QDRO have been dismissed based on the retroactive application of *Wilson*.  Such litigants should be accorded the opportunity to file a notice of appeal.  Accordingly, the courts of appeals are instructed to allow any similarly situated litigants the opportunity to file notices of appeal, provided that such notices are filed on or before March 31, 2010.

Judgment reversed

and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

CUPP, J., concurs in judgment only.

_____

Robert Cabrera, for appellant.

Patrick D. Riley, for appellee.

_____