**LEROY JENKINS EVANGELISTIC ASSOCIATION, INC., Appellee,**

v.

**EQUITIES DIVERSIFIED, INC., Appellant; Grant–Holladay Construction Corporation et al., Appellees.**

[Cite as *Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc.* (1989), 64 Ohio App.3d 82.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–236.

Decided Sept. 7, 1989.

*Henry W. Eckhart,* for appellee.

*Bidwell & Beachler* and *David M. Bidwell,* for appellant.

---

BOWMAN, Judge.

In 1974, appellee, Leroy Jenkins Evangelistic Association, Inc. ("Jenkins"), filed suit against appellant, Equities Diversified, Inc. ("Equities"), in the Franklin County Court of Common Pleas for $154,000 due on a promissory note, payment of which was secured by a mortgage to land located in Delaware County. Judgment was rendered in favor of Jenkins in April 1975 for $154,000 and the court ordered the Delaware County property sold, which left a balance unpaid and owing of $37,159.27.

The judgment became dormant and in September 1985, Jenkins filed a motion in the 1974 action to revive the judgment. On the same day the motion was filed, the court filed an entry ordering the judgment revived. Equities, through its attorneys, was served with a copy of the motion, but there is no indication in the record, or on the face of the entry, that a copy of the entry was served by the court on Equities.

At some later date, Jenkins filed an action for foreclosure, to quiet title and to set aside a fraudulent conveyance of property owned by Equities in the Delaware County Court of Common Pleas, and in March 1987, the court rendered a judgment in favor of Jenkins, which stated in part:

"The court further finds that the Defendant, Equities Diversified of Ohio, Incorporated, by its counsel, has agreed to this Judgment Entry and the Findings and Orders contained herein. Counsel for Equities Diversified, Inc., requests the court to be allowed to withdraw the 'Memorandum Contra and Motion to Compel' filed herein on March 11, 1987.

" * * *

"9. On April 21, 1975, the Plaintiff obtained a judgment in Case No. 74–CV–12–4565, in Franklin County Common Pleas Court, against the Defendant, Equities Diversified, Inc. The balance due on the judgment is Thirty–Seven Thousand One Hundred and Fifty–Nine and 27/100 ($37,159.27) Dollars with interest at the rate of 8% per annum from August 8, 1975, plus costs.

"10. The judgment was revived in the Franklin County Common Pleas Court by Order of Revivor dated September 11, 1985. An Order of Revivor Nunc Pro Tunc was approved by the Franklin County Common Pleas Court on December 29, 1986, correcting a typographical error relating to the correct date of the original judgment which was April 21, 1975, instead of April 25, 1975, as recited in one place in the original Order of Revivor."

The entry was signed by Terry P. Pugh, an attorney for Equities.

 In March 1987, Equities filed a motion, pursuant to Civ.R. 60(B), to vacate the September 1985 judgment entry reviving the judgment for the reason that it was entered without notice or a hearing.[1] The motion was later amended by Equities to one to vacate a void judgment.

The matter was referred to a referee, who found the procedure for reviving judgments by a conditional order had been superseded by Civ.R. 25, which made no provision for such a procedure and, hence, the referee concluded, the procedure no longer existed. The referee further found that, even if conditional orders reviving judgments still existed, the procedure followed in this case was improper as the order entered in September 1985 was not conditional but, rather, ordered the judgment revived as of that date and no notice or opportunity for a hearing was given. The referee recommended the motion to vacate be sustained.

Jenkins filed objections to the referee's report which were sustained, the trial court finding that no notice was required prior to ordering judgments revived and that appellant had failed to meet the requirements of Civ.R. 60(B) by failing to file the motion within a reasonable time from the date of the 1985 entry. Appellant sets forth the following assignments of error:

"1. The trial court erred in not adopting the recommendations of the referee.

"2. The trial court erred in concluding that a judgment debtor is not entitled to notice and an opportunity to be heard on a statutory proceeding to revive a dormant judgment.

"3. The trial court erred in ordering that the entry reviving the judgment remain in full force and effect."

---

1. In the parties' briefs, references were made to an earlier 1985 filing in which Jenkins filed a motion to revive the dormant 1974 judgment by filing a new case under a new case number. Apparently, this action was dismissed following filing of the motion and entry in the 1974 case. Appellant contended as part of its motion to vacate the judgment that it filed a response in that action which was ignored by the court when granting the order to revive the judgment. However, the record does not contain the earlier 1985 case and arguments, and references which refer to that case are not properly before this court.

Appellant's assignments of error are related and will be considered together.

■ R.C. 2325.15 and 2325.17 currently provide:

"§ 2325.15 Revivor of dormant judgment or finding.

"*When a judgment,* including judgments rendered by a judge of a county court of mayor, a transcript of which has been filed in the court of common pleas for execution, *is dormant,* or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, *such judgment may be revived,* or such finding made subject to execution as judgments at law are, *in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made,* or in which transcript of judgment was filed." (Emphasis added.)

"§ 2325.17 Time a lien attaches when a dormant judgment is revived.

"*If sufficient cause is not shown to the contrary, the judgment* or finding mentioned in section 2325.15 of the Revised Code *shall stand revived,* and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action." (Emphasis added.)

Thus, it would appear there are two methods for reviving a judgment, one by an action in the court in which the judgment was granted, and the other by following the procedure for reviving an action prior to judgment. Jenkins attempted to utilize the latter procedure.

■ The procedure for reviving an action prior to judgment was set forth in R.C. 2311.27 and 2311.28, which provided prior to 1971:

"§ 2311.27 Revivor by conditional order.

"*A revivor may be effected by a conditional order of the court,* if made in term, or by a judge thereof, if in vacation, that the action be revived in the name of the representative or successor of the party who died, or whose powers ceased, and proceed in favor of or against him.

"Such order may be made on the motion of the adverse party, or of the representative or successor, of the party who died, or whose powers ceased, suggesting his death, or the cessation of his powers, which, with the name and capacities of his representatives or successor, shall be stated in the order." (Emphasis added.)

"§ 2311.28 Method of service.

"If the order provided by section 2311.27 of the Revised Code is made by consent of the parties, the action shall stand revived forthwith. When not made by consent, the order shall be served upon the party adverse to the party on whose motion it was made, in the same manner and returned within the same time, as a summons. If sufficient cause is not shown against the revivor, the action shall stand revived."

These sections would appear to have been repealed in 1971 following the adoption of the Ohio Civil Rules of Procedure. Section 1, Am.H.B. No. 1201 (133 Ohio Laws, Part III, 3017). Thus, the referee concluded that inasmuch as R.C. 2311.27 and 2311.28 appear to have been superseded by Civ.R. 25, which does not provide for a conditional order of revivor, this procedure no longer exists. However, the referee overlooked the provisions of Section 3, of Am.H.B. No. 1201, which provided:

"That the taking effect of the Rules of Civil Procedure on July 1, 1970, *is prima-facie evidence that the sections of the Revised Code to be repealed by Section 1 are in conflict with such rules and shall have no further force or effect,* except that for the purposes of depositions in criminal cases under section 2945.54 of the Revised Code, procedures adopted by reference to sections 2319.05 to 2319.31, inclusive, of the Revised Code, and, for the purposes of an offer to confess judgment in an appropriation case under section 163.16 of the Revised Code, procedures adopted by reference to sections 2311.14 to 2311.20, inclusive, of the Revised Code, shall continue effective without change, *unless a court shall determine that one of such sections, or some part thereof, has clearly not been superseded by such rules and that in the absence of such section or part thereof being effective, there would be no applicable standard of procedure prescribed by either statutory law or rule of court.* The failure to repeal or amend any other section establishes no evidence concerning its conflict with such rules." (Emphasis added.) 133 Ohio Laws, Part III, 3020–3021.

While Civ.R. 25 clearly provides for the manner in which parties are to be substituted in an action, no provision was made for conditional orders reviving a judgment. Inasmuch as the language of present R.C. 2325.15 strongly suggests this procedure is still available, we conclude that those provisions of R.C. 2311.27 and 2311.28 pertaining to conditional orders of revivor were not superseded by Civ.R. 25 and still provide the procedure to be followed.

This is not to say that the procedure followed in this case was correct. In *Eshelman v. Van Nover* (1913), 89 Ohio St. 48, 105 N.E. 70, the court held, at the syllabus:

"Upon the allowance and entry of a conditional order of revivor of a dormant judgment, the judgment is then relieved of its dormancy and has all

the attributes of a living judgment, subject, however, to the right of the judgment debtor to have the order of revivor set aside if sufficient cause therefor be shown within the time fixed in the order served upon him."

■ Here, although Equities was served with a motion to revive the judgment, it was never served with a conditional order with a date and time for a hearing. In fact, the court never entered a conditional order reviving the judgment, but without notice or opportunity to show cause why the judgment should not be revived, the court ordered it revived.

■ Clearly, R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court. The obligation to give notice of a hearing to show cause is that of the court when granting the conditional order revivor and it is not, as Jenkins would seem to argue, incumbent upon the judgment debtor to seek such a hearing. Although an action to revive a judgment and a show cause hearing may be summary in nature, such an opportunity must be granted to meet fundamental requirements of due process.

Jenkins advances several reasons why the judgment should stand revived and argues that any hearing would be a useless act. Among the exhibits admitted by the parties is a suggestion that Equities may have been discharged in bankruptcy, which might be a basis to show cause why the judgment should not be revived; however, Jenkins argues that the bankruptcy finding is not a bar as Jenkins was not listed as a creditor. Also, it might well be that as a result of the 1985 entry in Delaware County, Equities is now estopped from contesting the revivor, but these determinations must be made first at a hearing in the trial court.

■ Regardless of whether the 1985 judgment was void or voidable, the trial court further erred in concluding the motion to vacate was not filed in a reasonable time from the date of the entry. In *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 466, and again in *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851 the court held that the time for filing a notice of appeal begins to run from the date of notice from the court of the filing of a final order, not from the date of the entry. Here, it would appear that the court has never sent notice of the 1985 entry reviving the judgment. If the 1985 entry is merely voidable, appellant's time for appealing that decision has not yet commenced and there would appear to be little reason in law or logic to conclude that the determination of what constitutes a reasonable time for vacating a voidable judgment, pursuant to Civ.R. 60(B), should date from the

date of the entry rather than from the date of notice by the court. Although appellee argues that appellant had notice based on receipt of the entry from opposing counsel, *Atkinson* and *Moldovan* place the obligation to give notice of the filing of a final order on the court.

Appellee, as does the dissent, confuses "notice" with "knowledge." Notice of an order comes only from the court, while knowledge of an order may come from many sources, including information received from counsel for the opposing party. Moreover, the record reflects that the trial court did not consider the factors bearing upon the reasonableness of the delay, stating merely " * * * [t]he eighteen month hiatus between the entry reviving the judgment and the filing of the Motion to Vacate is entirely unreasonable." The trial court also expressly found appellant was not entitled to notice even of the motion for revivor. The factors pertaining to both the merits and timeliness of the Civ.R. 60(B) motion were considered by neither the referee nor the trial court. These include the lack of notice (as opposed to knowledge), the intervening bankruptcy, the then pending Delaware County proceedings, communications between counsel, and the entry of a *nunc pro tunc* order amending the revivor filed December 29, 1986, correcting the original order so as to revive the actual original judgment herein.

If the 1985 judgment was void, the requirements of Civ.R. 60(B) do not supersede an Ohio court's inherent power to vacate its own void judgment regardless of the procedure provided in Civ.R. 60(B). See Civ.R. 82. *Westmoreland v. Valley Homes Corp.* (1975), 42 Ohio St.2d 291, 71 O.O.2d 262, 328 N.E.2d 406; *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 159 O.O. 74, 133 N.E.2d 606.

For the foregoing reasons, appellant's first assignment of error is overruled, and appellant's second and third assignments of error are sustained. The case is remanded to the trial court with instructions to hold a hearing pursuant to R.C. 2325.15 and 2325.17 to provide Equities with an opportunity to show cause why the judgment should not be revived.

*Judgment reversed*
*and cause remanded*
*with instructions.*

WHITESIDE, J., concurs.

FAIN, J., dissents.

MIKE FAIN, J., of the Second Appellate District, sitting by assignment.

MIKE FAIN, Judge, dissenting.

In my view, the trial court did not err in concluding that the motion to vacate its entry of revivor was not filed within a reasonable time.

The entry of revivor was filed September 11, 1985. The parties have stipulated that counsel for Jenkins mailed a copy of that entry to counsel for Equities on the same day. It is a reasonable inference that it was received in the mail a few days thereafter, and Equities has not claimed otherwise.

The motion to vacate the revivor was filed in March 1987, after Jenkins had gone to the trouble and expense of filing a foreclosure action to execute the revived judgment. In my view, the trial court was within its discretion in finding that Equities' motion to vacate the entry of revivor was not filed within a reasonable time.

I do not read *Atkinson v. Grumman* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, or *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 466, as requiring a different result. In my view, *Moldovan* simply held that a litigant must receive reasonable notice of a judgment before his appeal time can expire. In the case before us, it is undisputed that Equities had actual notice of the entry of revivor in September 1985.

In *Atkinson, supra,* the Supreme Court has imposed upon trial courts some requirements for the giving of notice of judgments. However, *Atkinson* is expressly declared to operate prospectively, only. *Atkinson, supra,* at 86, 523 N.E.2d at 857.

Furthermore, as declared in paragraph two of the syllabus in *Atkinson,* the mailing of notice of a judgment entry by the clerk in accordance with the rules laid down therein is expressly declared to be *sufficient* to start the clock running on the time within which to appeal, even if it is clear that the litigant did not actually receive notice; there is nothing in either the text or syllabus of *Atkinson* to indicate that the mailing of notice of a judgment entry by the clerk in accordance with the rules laid down in *Atkinson* is *necessary* to start the appeal clock running when the litigant has had actual notice of the judgment.

My understanding of the rationale behind the *Moldovan* and *Atkinson* decisions is the need to protect a litigant's right to appeal from a judgment, or to pursue other remedies with respect to the judgment, by taking reasonable steps to ensure that the litigant is made aware of the judgment. I do not understand that rationale to extend to providing unlimited time to a litigant within which to attack a judgment of which he has had actual notice, simply because of a deficiency in the steps taken to ensure that he got notice. To

extend the holdings in *Moldovan* and *Atkinson* so far seems to me to come perilously close to exalting form over substance.

I would overrule the assignments of error and affirm the judgment of the trial court.