JOURNAL ENTRY AND OPINION
Defendant-appellant Thomas Graewe (appellant) has filed this accelerated appeal, pursuant to App.R. 11.1 and Loc.App.R. 11.1, from the judgment entry of the trial court reviving a dormant judgment against appellant for court costs in the amount of $1,240.50. For the following reasons, we reverse the judgment of the trial court. Pursuant to App.R. 11.1(E), this court will render a brief and conclusionary decision.
Appellant, a career criminal, entered guilty pleas in eight different cases from 1986 to 1994. In addition to prison sentences and fines, appellant incurred court costs as a result of his convictions. The judgment for court costs against appellant remained unpaid for over five years and, therefore, became dormant pursuant to R.C. 2329.07.
In a judgment entry filed in each case on December 27, 1999, the trial court stated:
 This cause came to be heard on the motion of the Prosecuting Attorney for Cuyahoga County, counsel for Plaintiff, State of Ohio, to revive dormant judgment for court costs in the above captioned case. Defendant has not shown cause why judgment should not be revived.
 IT IS ORDERED, ADJUDGED and DECREED that said judgment for court costs stand revived in the amount of $1,240.50.
Appellant claims that the state failed to serve him with a copy of its motion to revive dormant judgment for court costs. In fact, the record indicates that the state failed to file a written motion with the court. Instead, the subject order appears to be the result of an oral, ex parte motion by the state.
On June 25, 2000, appellant filed a timely notice of appeal with this court. Appellant has assigned the following error for our review:
 DEFENDANT-APPELLANT, JUDGMENT DEBTOR HEREIN[,] WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF R.C. 2325.17 WHEN THE TRIAL COURT REVIVED THE DORMANT JUDGMENT WITHOUT FIRST GIVING JUDGMENT DEBTOR NOTICE AND AN OPPORTUNITY TO BE HEARD, AND THE PROSECUTING ATTORNEY FAILED TO SERVE JUDGMENT DEBTOR WITH A COPY OF THE MOTION TO REVIVE DORMANT JUDGMENT SO JUDGMENT DEBTOR HEREIN COULD ADEQUATELY DEFEND IN OPPOSITION.
 ADDITIONALLY, APPELLANT'S EARNINGS ARE EXEMPT PURSUANT TO R.C. 2329.66.
In his sole assignment of error, appellant asserts that the trial court erred in reviving the dormant judgment against him without providing him with notice and a hearing.
R.C. 2325.17 indicates that a judgment debtor is entitled to notice and a hearing. As the Tenth Appellate District noted in Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc. (1989), 64 Ohio App.3d 82:
 Clearly, R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court. The obligation to give notice of a hearing to show cause is that of the court when granting the conditional order revivor and it is not, as Jenkins would seem to argue, incumbent upon the judgment debtor to seek such a hearing. Although an action to revive a judgment and a show cause hearing may be summary in nature, such an opportunity must be granted to meet fundamental requirements of due process.
Id. at 88.
The state acknowledges that R.C. 2325.17 requires notice and a hearing. Notwithstanding, the state claims that the trial court remedied any error when it filed a conditional order on February 15, 2000. According to the state, [t]he conditional order notified appellant of a non-oral hearing in which to file all evidentiary materials and objections on the issue of revived judgments. However, appellant filed his notice of appeal on January 25, 2000, thereby divesting the trial court of jurisdiction to issue the conditional order. See State v. Richard (1996), 113 Ohio App.3d 141, 143. Moreover, the conditional order is not part of the record on appeal.
Based upon the foregoing, we find that the trial court erred in reviving the dormant judgment against appellant without notice and a summary hearing. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
DIANE KARPINSKI, P.J. and JOHN T. PATTON, J. CONCUR.
 __________________________ LEO M. SPELLACY, JUDGE