JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellant Willie Jackson appeals pro se from the trial court's order reviving a dormant judgment against the defendant for court costs in the amount of $679.30. We find merit to the defendant's appeal and reverse and remand the judgment of the trial court.
Defendant was convicted by a jury on October 14, 1981 of three counts of aggravated burglary, seven counts of aggravated robbery, six counts of kidnapping, two counts of rape, and one count of felonious assault. In addition to prison sentences and fines the defendant incurred court costs as a result of his convictions. The judgment of court costs remained unpaid for over ten years and, therefore, became dormant pursuant to R.C. 2329.07.
In a judgment entry filed on December 27, 1999, the trial court stated:
 This cause came to be heard on the motion of the Prosecuting Attorney for Cuyahoga County, counsel for Plaintiff, State of Ohio, to revive dormant judgment for court costs in the above captioned case. Defendant has not shown cause why judgment should not be received.
 IT IS ORDERED, ADJUDGED AND DECREED that said judgment for court costs stand revived in the amount of $679.30.
On January 26, 2000, the defendant filed a timely notice of appeal with this court. Defendant has assigned four assignments of error. We will address the defendant's fourth assignment of error first as we find it dispositive of the appeal.
 IV. THE DEFENDANT WAS DENIED DUE PROCESS OF LAW BY PROSECUTION'S FAILURE TO SUPPLY ADEQUATE DOCUMENTATION IN REVIVAL OF JUDGMENT CAUSE OF ACTION.
Defendant argues he was not provided adequate notice of the costs he was required to pay.
R.C. 2325.17 provides that a judgment debtor is entitled to notice and a hearing. As the court in Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc. (1989), 64 Ohio App.3d 82 at 88 held:
 Clearly, R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court. The obligation to give notice of a hearing to show cause is that of the court when granting the conditional order of revivor and is not, as Jenkins would seem to argue, incumbent upon the judgment debtor to seek such a hearing. Although an action to revive judgment and a show cause hearing may be summary in nature, such an opportunity must be granted to meet the fundamental requirements of due process.
The state acknowledges that the December 27, 1999 order did not give the defendant sufficient notice, but claims that it remedied any error when it filed a conditional order on February 15, 2000. According to the state, this conditional order provided for a non oral hearing to be held on March 31, 2000. This hearing was to be the forum in which the appellant could file any evidentiary materials and objections to the revival of court costs. (Appellee's brief at 4). We find, however, this conditional order was filed after the defendant had filed his notice of appeal on January 26, 2000. The trial court was therefore divested of any jurisdiction to entertain the conditional order. See, State v. Graewe (August 3, 2000), Cuyahoga App. No. 77545, unreported, where this court addressed this exact same issue and found the trial court had no jurisdiction to entertain a conditional order filed after the notice of appeal had been filed.
Based upon the foregoing, we find the trial court erred in reviving the dormant judgment against the defendant without notice and a summary hearing. The judgment of the trial court is therefore reversed and this case is remanded for further proceedings consistent with this opinion.
 I. APPLICATION OF R.C. S5120.133 TO THE DEFENDANT VIOLATES ARTICLE I S28 OF THE OHIO CONSTITUTION.
 II. PROSECUTING ATTORNEY ERRED AS A MATTER OF LAW BY INSTITUTING PROCEEDINGS UNDER R.C. S2949.14 AGAINST INDIGENT DEFENDANT WITHOUT MAKING A SHOWING OF NON-INDIGENCY ONCE TRIAL COURT DECLARED DEFENDANT INDIGENT FOR PURPOSES OF JURY TRIAL PROCEEDINGS.
 III. REQUIRING INDIGENT DEFENDANT TO WORK FOR GOVERNMENT TO PAY FOR COURT COSTS CONSTITUTES INVOLUNTARY SERVITUDE FOR A DEBT IN VIOLATION OF THE THIRTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ART. IS6 OF THE OHIO CONSTITUTION.
Given our disposition of Assignment of Error IV, we do not find that it is necessary to address Assignments of Error I through III, which are moot. App.R.12(A)(1)(c).
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
KARPINSKI, P.J., and ANNE L. KILBANE, J., CONCUR.
 ____________________________ JAMES M. PORTER, JUDGE