OPINION
{¶ 1} Andre Magruder ("Mr. Magruder") appeals pro se from an order of the Geauga County Common Pleas Court reviving a dormant judgment for court costs in connection with his criminal convictions in 1985. After reviewing the pertinent statutes and case law authority, we reverse and remand the case to the trial court for further proceedings consistent with this opinion. *Page 2 
 {¶ 2} Following a jury trial, the Geauga County Common Pleas Court convicted Mr. Magruder, on January 31, 1985, of seven counts of rape and a trial court sentenced him to three life sentences, two ten year to twenty-five year terms, and two seven to twenty-five year terms, to run concurrently. Mr. Magruder has been serving his prison term since at the Grafton Correctional Institution.
 {¶ 3} On May 17, 2007, the Geauga County Common Pleas Court adjudicated him as a sexual predator after a H.B. 180 sexual predator hearing. Subsequently, on August 10, 2007, the trial court, sua sponte, revived the January 31, 1985 judgment of conviction, which ordered him to pay court costs incurred in the case. In its judgment entry, the trial court stated:
 {¶ 4} "This matter came on hearing on the Court's own motion.
 {¶ 5} "The Judgment of Conviction filed January 31, 1985 wherein Defendant is ordered to pay court costs, is revived."
 {¶ 6} Mr. Magruder filed a timely appeal from the August 10, 2007 judgment, assigning the following error for our review.
 {¶ 7} "The trial court committed prejudicial reversible error and abused its discretion when it revived a dormant judgment without first giving notice or holding a hearing for purposes of giving appellant an opportunity to show cause why the judgment should not be revived. Thereby, violating appellant's right to due process as guaranteed by Article I Section 16 of the Ohio Constitution and the 14th Amendment to the United States Constitution."
 {¶ 8} Mr. Magruder's sole contention is that the court should have afforded him notice and an opportunity to be heard before reviving the dormant judgment. *Page 3 
 {¶ 9} Standard of Review
 {¶ 10} The standard of review in an appeal from a trial court's interpretation and application of a statute is de novo. State v.Sufronko (1995), 105 Ohio App.3d 504. The instant case requires our review of the trial court's application of the statutes regarding reviving a dormant judgment, therefore we review the trial court's decision de novo.
 {¶ 11} Revivor of Dormant Judgment
 {¶ 12} The following two statutes are pertinent to a resolution of the issue at hand. R.C. 2325.15 addresses revivor of judgment. It provides as follows:
 {¶ 13} "When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed."
 {¶ 14} R.C. 2325.17 addresses the time a lien attaches when a dormant judgment is revived. That statute provides:
 {¶ 15} "If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall standrevived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the *Page 4 
same extent and in the same manner as judgments or findings rendered in any other action." (Emphasis added.)
 {¶ 16} The issue to be resolved here is whether the statutes should be read as requiring that a judgment debtor receive notice and be afforded a hearing before a dormant judgment is revived. Several appellate districts have reviewed the statutes and answered this question in the affirmative. In State v. Graewe (Aug. 3, 2000), 8th Dist. No. 77545, 2000 Ohio App. LEXIS 3511, a defendant incurred court costs as a result of his convictions. The judgment for court costs against the defendant remained unpaid for over five years and became dormant pursuant to R.C. 2329.07. On appeal, the defendant argued he was entitled to notice and a hearing before the trial court revived the dormant judgment. The Eighth Appellate District agreed, stating that the "R.C. 2325.17 indicates that a judgment debtor is entitled to notice and a hearing," Id. at 3, citingLeroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified,Inc. (1989), 64 Ohio App.3d 82. In Leroy, the Tenth Appellate District stated:
 {¶ 17} "Clearly, R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court. * * * Although an action to revive a judgment and a show cause hearing may be summary in nature, such an opportunity must be granted to meet fundamental requirements of due process." Id. at 88.
 {¶ 18} Following Leroy, the Eighth Appellate District inGraewe reversed and remanded the case to the trial court for further proceedings. See, also, State v. Jackson (Nov. 2, 2000), 8th Dist. No. 77557, 2000 Ohio App. LEXIS 5112 (remanding the case after finding the trial court erred in reviving a dormant judgment regarding court costs *Page 5 
against a criminal defendant without notice and a summary hearing);State v. Jones (Oct. 16, 2000), 12th Dist. No. CA2000-02-015, 2000 Ohio App. LEXIS 4802 (affirming the trial court's reviving of a dormant judgment regarding court costs after finding a criminal defendant was properly notified of the existence and nature of the proceeding and given an opportunity to respond).
 {¶ 19} Following these appellate decisions, this court also reads R.C. 2325.17 as requiring notice and a summary hearing before a court revives a dormant judgment. We note that the state in this case concedes Mr. Magruder's assignment of error in its brief and acknowledges his right to notice and a summary hearing pursuant to the statute.
 {¶ 20} Thus, we conclude the trial court erred in reviving the dormant judgment against Mr. Magruder without first providing him with notice and a summary hearing. The judgment of the trial court is therefore reversed, and this case is remanded for further proceedings consistent with this opinion.
 DIANE V. GRENDELL, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1