[Cite as *State v. Scott*, 2014-Ohio-2374.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| RANDY L. SCOTT | : | Case No. 13CA110 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                           Pleas, Case No. 2010-CR-313H



JUDGMENT:                                      Affirmed



DATE OF JUDGMENT:                        June 2, 2014



APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

JOHN C. NIEFT                                 RANDY L. SCOTT, Pro Se
38 South Park Street                         Inmate No. A604-323
Mansfield, OH  44902                        Trumbull Correctional Institution
                                                           5701 Burnett Road
                                                           Leavittsburg, OH  44430

*Farmer, J.*

{¶1} On August 22, 2011, appellant, Randy Lamont Scott, was convicted of four counts of rape in violation of R.C. 2907.02, four counts of sexual battery in violation of R.C. 2907.03, four counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), and one count of kidnapping with a sexual motivation specification in violation of R.C. 2905.01. By sentencing entry filed August 26, 2011, the trial court sentenced appellant to an aggregate term of twenty-six and a half years in prison and ordered him to "pay any restitution, all costs of prosecution, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18."

{¶2} Appellant filed an appeal. Appellant did not assign as error the order to pay fines and costs. This court affirmed in part and reversed in part appellant's convictions, finding the trial court erred in sentencing appellant in light of the merger doctrine. *State v. Scott,* 5th Dist. Richland No. 11CA80, 2012-Ohio-3482. Upon remand, by resentencing entry filed October 31, 2012, the trial court merged some of the counts and again sentenced appellant to an aggregate term of twenty-six and a half years in prison, and ordered him to "pay any restitution, all costs of prosecution, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18." Appellant did not appeal his resentence or the issue of paying fines and costs.

{¶3} On July 29, 2013, appellant filed a motion for waiver of restitution, all costs of prosecution, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18 and 2949.092. Appellant argued the trial court had erred in failing to inform him in court of having to pay fines and costs. By judgment entry filed August 16, 2013, the trial court denied the motion.

{¶4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}  "THE TRIAL JUDGE, ABUSED HIS DISCRETION BY DENYING THE APPELLANT OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHT UNDER THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES BY NOT HOLDING A HEARING TO DETERMINE THE APPELLANT'S ABILITY TO PAY FINES AND COSTS RELATED TO THIS CASE."

II

{¶6}  "THE TRIAL JUDGE DENIED APPELLANT HIS FIFTH AND FOURTEENTH AMENDMENT RIGHT UNDER THE DUE PROCESS CLAUSE BY NOT INFORMING THE APPELLANT DURING SENTENCING THAT HE WOULD BE RESPONSIBLE FOR SAID COST AND FINES, TO ALLOW THE APPELLANT TO OBJECT, THEN UNCONSTITUIONALLY WITHDRAWING PAYMENT FROM THE INDIGENT APPELLANT'S INMATE ACCOUNT."

I, II

{¶7}  Appellant claims the trial court erred in failing to hold a hearing on his ability to pay fines and costs, and not informing him during sentencing that he would be responsible for said fines and costs.  We disagree.

{¶8}  A review of the resentencing entry indicates the trial court did not access restitution or fines.  Therefore, this assignment pertains to court costs only.  Pursuant to R.C. 2947.23(A)(1)(a), a trial court in all criminal cases shall render judgment against a defendant for court costs.  In this case, the trial court accessed court costs against

appellant as required by statute.  Appellant did not object to the payment of court costs at the time of resentencing, and did not appeal the order.  In fact, on June 24, 2013 after resentencing, appellant filed a motion to establish a payment plan for court costs, asking the trial court to raise his monthly payment from $2.00 to $3.00.  The trial court denied the motion.  *See,* Judgment Entry filed July 2, 2013.

{¶9}    Because appellant failed to object or appeal the order of court costs, the issue is res judicata as defined in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*See, State v. Threatt,* 108 Ohio St.3d 277 (2006); *State v. Snelling,* 5th Dist. Richland No. 13CA3, 2013-Ohio-4180.

{¶10}  Assignments of Error I and II are denied.

{¶11}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 512