[Cite as *State v. Gomez*, 2016-Ohio-674.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2015-CA-00118 |
| DAMON ANDRE GOMEZ | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal appeal from the Stark County
                                  Court of Common Pleas, Case No. 2013-
                                  CR-1253(A)

JUDGMENT:                         Affirmed

DATE OF JUDGMENT ENTRY:           February 22, 2016

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

JOHN D. FERERO                          DAMON ANDRE GOMEZ  PRO SE
PROSECUTING ATTORNEY                    #651-744
BY: RONALD MARK CALDWELL                Marion Correctional Institute
110 Central Plaza S., Ste. 510          Box 57
Canton, OH  44702                       Marion, OH 43301-0057

*Gwin, P.J.*

{¶1}    Appellant appeals the May 15, 2015 judgment entry of the Stark County Court of Common Pleas denying his motion to modify court costs and consolidate court costs.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    In 2013, appellant Damon Gomez was indicted with one count of possession of heroin in violation of R.C. 2925.11.  On October 9, 2013, appellant pled guilty to the indictment charges.  After a pre-sentence investigation report, appellant was sentenced on January 22, 2014 to a prison term of twelve (12) months.  In addition to this sentence, the trial court ordered appellant to pay court costs.  Appellant did not file a direct appeal.

{¶3}    On May 15, 2015, appellant filed a motion to modify court costs order and consolidate court costs order per R.C. 2949.111, R.C. 2949.14, and R.C. 2929.28.  On May 19, 2015, the trial court denied appellant's motion.

{¶4}    Appellant appeals the trial court's May 19, 2015 judgment entry and assigns the following as error:

{¶5}    "I. THE TRIAL COURT COMMITTED PREJUDICE [SIC] ERROR WHEN THE TRIAL COURT, DURING THE SENTENCING PHASE UNDER CASE NO. 2013CR-1253A, 2004CR1749, AND 2004CR1083 FAILED TO DETERMINE THE DEFENDANT'S ABILITY TO PAY THE COSTS PURSUANT TO R.C. 2947.23 IN VIOLATION OF THE DEFENDANT'S UNITED STATES CONSTITUTIONAL RIGHTS."

I.

{¶6} We first note that, in his brief and in his assignment of error, appellant makes reference to two other criminal cases which resulted in his conviction and sentence, as well as the imposition of court costs. In each of these two cases, 2004-CR-1749 and 2004-CR-1083, both 2004 cases, appellant did not appeal or otherwise challenge the imposition of court costs until 2015. Like in the instant case, appellant filed a motion to consolidate court costs and to modify those court costs in both cases. The trial court judge overruled those motions on June 1, 2015.

{¶7} Appellant has not filed an appeal from these June 1, 2015 denials. While appellant attempts to challenge the validity of the court costs in the 2004 cases in this case, we find because appellant failed to file a timely appeal from the June 1, 2015 judgment entries, this Court lacks jurisdiction to entertain appellant's arguments regarding the judgment entries in the 2004 cases.

{¶8} In the instant case, appellant argues the trial court failed to comply with R.C. 2947.23(A)(1)(a) because the trial court did not determine, at the time of sentencing, his ability to pay court costs.

{¶9} The version of R.C. 2947.23 in effect at the time appellant was sentenced provides as follows:

(A)(1)(a) In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. If the judge or magistrate imposes a community control sanction or other nonresidential sanction, the judge or magistrate,

when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶10} In the instant case, appellant pled guilty to the charge set forth in the indictment against him in October of 2013 and sentencing was deferred until the completion of a presentence investigation report. Upon completion of the report, the trial court sentenced him to a prison term of twelve (12) months. The trial court did not impose "a community control sanction or other nonresidential sanction." Therefore, R.C. 2947.23 is not applicable to appellant and the trial court did not err in failing to determine appellant's ability to pay pursuant to that section of the Ohio Revised Code.

{¶11} Further, pursuant to R.C. 2947.23(A)(1)(a), a trial court in all criminal cases shall render judgment against a defendant for court costs. In this case, the trial court assessed court costs against appellant as required by statute. Appellant did not object

to the payment of court costs or argue he did not have the ability to pay court costs at the time of sentencing, and did not file a direct appeal. Accordingly, the issue is res judicata as defined in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967):

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

See *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164; *State v. Scott*, 5th Dist. Richland No. 13CA110, 2014-Ohio-2374.

{¶12} Based on the foregoing, appellant's assignment of error is overruled. The May 15, 205 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur