[Cite as *State v. Trammell*, 2016-Ohio-5200.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00017 |
| YUSEF L. TRAMMELL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County Court of Common Pleas, Case No. 2002 CR 1211(A)


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      August 1, 2016


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
BY RONALD MARK CALDWELL
110 Central Plaza S., Ste. 510
Canton, OH 44702

For Defendant-Appellant

YUSEF TRAMMELL PRO SE
Inmate # 633-327
Marion Correctional Institution
Box 57
Marion, OH 43301-0057

*Gwin, P.J.*

{¶1}   Appellant appeals the January 4, 2016 judgment entry of the Stark County Court of Common Pleas denying his motion for relief from dormant judgment.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   On October 23, 2002, after a jury trial, appellant Yusef Trammel was found guilty of one count of receiving stolen property, a violation of R.C. 2913.519(A), and found not guilty of one count of burglary.  Appellant was sentenced to eleven months in prison. In an October 29, 2002 judgment entry, the trial court ordered appellant to pay courts costs.  Appellant did not appeal this judgment entry.

{¶3}   On February 3, 2003, appellant was granted judicial release and placed on community control for three years.  In a February 5, 2003 judgment entry placing appellant on community control and granting judicial release, the trial court ordered appellant to pay court costs to the Clerk of Courts.

{¶4}   Appellant's probation officer filed a motion to revoke his probation on May 22, 2003 for failing to comply with the Day Reporting Program and for being arrested for domestic violence.  On June 9, 2003, appellant's community control was revoked and he was sentenced to serve the balance of his original eleven month prison term.  The trial court memorialized appellant's revocation and sentence in a June 12, 2003 judgment entry.  The June 12, 2003 judgment entry ordered appellant to pay costs.

{¶5}   Appellant remained in prison until March of 2012 due to prison time he served for separate prosecutions.  On June 11, 2011, the Stark County Clerk of Courts sent a Statement of Court Costs to the institution where appellant was incarcerated and

indicated appellant's balance of $1,120.12. The prison authorities deducted from appellant's prison account funds for court costs.

{¶6} On April 23, 2012, after he was released from prison, appellant signed and dated a payment plan agreement for the payment of fines, costs, and restitution. Appellant agreed to pay $20.00 per month for the balance of fines, costs, and restitution. The agreement provided that all fines, court costs, and restitution would be paid in full by January 5, 2017. The agreement appellant signed also provides as follows: "If I am incarcerated for any reason, the institution will be billed and the payments received will be applied to this case. Upon my release from incarceration, the terms of this payment plan will continue." The agreement was signed by the financial enforcement officer at the clerk of courts and by appellant. Appellant signed and he "acknowledge[d] receipt of this court agreement and agree[d] to the payment terms." Appellant made two payments pursuant to this agreement in June of 2012.

{¶7} Subsequently, in cases separate from the above-captioned case, appellant was convicted of aggravated burglary with a repeat violent offender specification and possession of cocaine. Appellant received an aggregate prison term of ten (10) years for these convictions. The Stark County Clerk of Courts sent a first notice for failure to pay court costs and restitution to appellant on December 6, 2012. On December 28, 2012, the Stark County Clerk of Courts sent to the institution where appellant was incarcerated a statement providing the amount of $906.88 was due and outstanding from appellant for court costs. Appellant did not challenge or object to the 2012 statement sent to the institution.

{¶8}    Appellant filed a motion for relief from dormant judgment on December 28, 2015.  Appellant stated that in 2012, appellee sought to collect unpaid fines and costs.  Further, that on April 1, 2015, the Ohio Department of Rehabilitation and Corrections began deducting money from appellant's institutional account for the payment of costs.  Appellant cited to *State v. Magruder* in support of his argument and sought to suspend any further withdrawal of money from his institutional account and order the return of the seized money.  The trial court denied appellant's motion on January 4, 2016.

{¶9}    Appellant appeals the January 4, 2016 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶10}   "I. WHETHER A DORMANT JUDGMENT FOR COSTS, FEES OR FINES (IN A CRIMINAL PROCEEDING) MAY BE REVIVED ABSENT NOTICE AND A SUMMARY HEARING AS A MATTER OF STATE AND FEDERAL DUE PROCESS, SEE STATE V. MAGRUDER, 2008 OHIO APP. LEXIS 1827, AT HN5 AND O.R.C. 2325.17, AND ESPECIALLY SO WHERE, AS HERE, SUCH REVIVAL WAS NOT A PRODUCT OF A JUDICIAL PROCEEDING, RATHER, WAS AN EXTRA-JUDICIAL ADMINISTRATIVE ACTION OF THE COUNTY PROSECUTOR."

I.

{¶11}   In his assignment of error, appellant contends the trial court erred in denying his motion to suspend the collection of court costs from his institutional account.  Appellant contends because of his failure to pay court costs, the judgment became dormant.  Further, that the trial court erred in not providing him notice or a hearing to challenge the revival of a dormant judgment entry.

**{¶12}** Appellant cites *State v. Magruder* in support of his argument that he is entitled to notice and hearing on a dormant judgment for costs and argues this Court should follow *Magruder* in this case. However, we find *Magruder* distinguishable from the instant case. In *Magruder*, the trial court, sua sponte, issued an order in 2007 reviving a dormant judgment for court costs in connection with his criminal convictions in 1985. *State v. Magruder*, 11th Dist. Geauga No. 2007-G-2799, 2008-Ohio-2137. The 11th District Court of Appeals found the trial court erred in issuing an order reviving a dormant judgment against Magruder sua sponte and without notice and a summary hearing. *Id.*

**{¶13}** Unlike in *Magruder*, in this case, there is no judgment entry by the trial court reviving a dormant entry. Rather, there is an agreed payment plan signed by appellant in 2012 agreeing to make payments for costs and a statement sent by the Stark County Clerk of Courts in 2012 in which the Stark County Clerk of Courts informed the institution the amount of $906.88 was due and outstanding from appellant for court costs. Appellant agreed to the payment plan and did not challenge or object to the 2012 statement sent to the institution. The trial court did not sua sponte, or upon motion, file a judgment entry that revived any judgment for court costs. Accordingly, we decline to apply *Magruder* in the instant case.

**{¶14}** We further disagree with appellant's contention that the judgment at issue is dormant. R.C. 2329.07 defines a dormant judgment as one in which in collection efforts, including placing liens on property, are made within five years of the date of the judgment. In this case, appellant signed a payment plan agreement for the payment of costs on April 23, 2012, signed and acknowledged receipt of the agreement, agreed to the payment terms, and made two payments pursuant to the agreed payment plan.

Accordingly, pursuant to R.C. 2329.07, the judgment for court costs would not become dormant until 2017. Thus, appellant's challenged judgment is not a dormant judgment.

{¶15} Finally, as to any challenge appellant has to the imposition of court costs, we find appellant has not timely challenged such imposition of costs. In this case, the trial court assessed court costs against appellant as required by statute. The court costs were originally imposed in the 2002 original sentencing entry and the 2003 sentencing entry upon the revocation of his community control sanction. Appellant did not object to the payment of court costs or argue he did not have the ability to pay court costs at the time of sentencing and did not file a direct appeal of either the 2002 or 2003 entry. Appellant signed a payment plan in 2012 and made two payments pursuant to this payment plan in 2012. The Stark County Clerk of Courts sent a statement to the prison notifying the authorities appellant owed costs in the case in December of 2012. Appellant did not object to the agreed payment plan or the statement sent by the Stark County Clerk of Courts sent to the institution in 2012.

{¶16} Accordingly, the issue of the imposition of court costs is res judicata as defined in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Pursuant to the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Id;* See *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164; *State v. Scott*, 5th Dist. Richland No. 13CA110, 2014-Ohio-2374.

{¶17}  Based on the foregoing, appellant's assignment of error is overruled.  The

January 4, 2016 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur