[Cite as *State v. Moore*, 2021-Ohio-1616.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                    Court of Appeals Nos. H-20-014
                                                                              H-20-015
          Appellee
                                                 Trial Court No. CRI 2001-0757
v.

Jeffrey E. Moore                                 **DECISION AND JUDGMENT**

          Appellant                              Decided:  May 7, 2021

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Jacob J. Stephens, Assistant Prosecuting Attorney, for appellee.

Jeffrey E. Moore, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This pro se, consolidated appeal is before the court from the July 20, 2020

Huron County Court of Common Pleas' judgments reviving two dormant judgments

against defendant-appellant, Jeffrey E. Moore, for fines and court costs in the amounts of

$10,956.88 and $63.  For the reasons that follow, we affirm.

{¶ 2} Following a guilty plea, appellant was convicted of drug possession, a first-degree felony. The trial court's December 19, 2001 sentencing judgment entry, which was affirmed by this court, included a mandatory $10,000 fine and court costs. *See State v. Moore*, 6th Dist. Huron No. H-02-001, 2002-Ohio-4476.

{¶ 3} Appellant again appealed to this court following the denial of his postsentence motion to withdraw his guilty plea. On June 6, 2008, we affirmed the trial court's judgment. *See State v. Moore*, 6th Dist. Huron No. H-07-033, 2008-Ohio-2735.

{¶ 4} On June 29, 2020, the state filed two motions for revivor of the separate monetary judgments issued on December 19, 2001, in trial court case No. CRI 2001-0757, and June 6, 2008, in appeals court case No. H-07-033. The motions requested that a non-oral hearing be scheduled for July 16, 2020, at 1:00 p.m. Appellant opposed the motions arguing that revivor of the dormant judgments was barred by the statute of limitations under R.C. 2329.07 and 2325.18(A).

{¶ 5} On July 20, 2020, the trial court granted each of the state's motions in separate judgment entries. Appellant commenced separate appeals which were consolidated by this court and presents two assignments of error for our review:

> Assignment of Error One: The trial court committed prejudice error and lack subject matter jurisdiction to grant the state of Ohio motion to revive the trial court dormant judgment entries of DEC. 19 2001 and JUNE 6 2008 R.C. 2325.15, when the statute of limitation bar the state of Ohio motion to revive the trial court dormant judgment entries of DEC.19 2001

2.

and JUNE 6 2008 pursuant to Ohio law R.C.2535.18 in violation of the defendant united states constitutional rights amendment 14. (sic)

Assignment of Error Two: The trial court committed prejudice error when the court fail to conduct a hearing upon the state of Ohio motion to revive the trial court dormant judgment entry of DEC.19 2001, JUNE 6 2008 to give the defendant an opportunity to challenge the trial court action to grant the state motion to revive the court dormant judgment in violation of the defendant united states constitutional rights amendment 14. (sic)

{¶ 6} In appellant's first assignment of error he argues that the state's motions for revivor were barred by the dormant judgment limitations period set forth in R.C. 2329.07 which provides, in relevant part:

(B)(1) A judgment that is *not in favor of the state* is dormant and shall not operate as a lien against the estate of the judgment debtor unless one of the following occurs within five years from the date of the judgment or any renewal of the judgment, whichever is later:

(a) An execution on a judgment is issued.

(b) A certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code.

3.

(c) An order of garnishment is issued or is continuing, or until the last garnishment payment is received by the clerk of courts or the final report is filed by the garnishee, whichever is later.

(d) A proceeding in aid of execution is commenced or is continuing.

(2) Except as otherwise provided in division (D) of this section, a judgment *in favor of the state*, is dormant and shall not operate as a lien against the estate of the judgment debtor unless one of the following occurs within ten years from the date of the judgment, or any renewal of the judgment, or within fifteen years from the date of the issuance of the last execution thereon, whichever is later:

(a)  An execution on the judgment is issued.

(b) A certificate of judgment is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code.

(c) An order of garnishment is issued or is continuing, or until the last garnishment payment is received by the clerk of courts or the final report and answer is filed by the garnishee, whichever is later.

(d) A proceeding in aid of execution is commenced or is continuing.

(Emphasis added.)  R.C. 2329.07(B).

{¶ 7} The revivor of a dormant judgment is provided for in R.C. 2325.15:

When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of

4.

common pleas for execution, is dormant, * * * such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed.

{¶ 8} R.C.2325.18(A) provides the following time limits for when a judgment can be revived:

(A) An action to revive a judgment can only be brought within ten years from the time it became dormant, unless the party entitled to bring that action, at the time the judgment became dormant, was within the age of minority, of unsound mind, or imprisoned, in which cases the action may be brought within ten years after the disability is removed.

{¶ 9} Reviewing the relevant statutes and the timeline of the events, we find that the state's June 29, 2020 revivor motions were timely as the state had 20 years from the date of the issuance of the judgments from which to revive them. Thus, as to the December 19, 2001 judgment, the state had until December 19, 2021, and as to the June 6, 2008 judgment, until June 6, 2028. Appellant's first assignment of error is not well-taken.

{¶ 10} In appellant's second assignment of error, he argues that the trial court erred when it granted the state's revivor motions without first conducting a hearing as required under R.C. 2325.17. This section provides:

5.

If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

{¶ 11} Ohio courts have interpreted this section as requiring that

"the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court." *Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc.*, 64 Ohio App.3d 82, 88, 580 N.E.2d 812 (10th Dist.1989). "Although an action to revive a judgment and a show cause hearing may be summary in nature, such an opportunity must be granted to meet fundamental requirements of due process." *Id.*

*Manitou Americas, Inc. v. Woolum*, 12th Dist. Butler No. CA2018-05-103, 2019-Ohio-2674, ¶ 15. The show cause hearing "may amount to a non-oral hearing to allow the judgment debtor to submit evidentiary materials." *Larney v. Vlahos*, 11th Dist. Trumbull No. 2015-T-0103, 2016-Ohio-1371, ¶ 15, quoting *Rindfleisch v. AFT, Inc.*, 8th Dist. Cuyahoga Nos. 84551, 84897, 84917, 2005-Ohio-191, ¶ 12.

{¶ 12} In the present matter, appellant was provided with notice and an opportunity to show cause why the judgments should not be revived. In fact, he did file

6.

an objection and argued the issue of timeliness. Thus, appellant was provided with due process and the trial court did not err when it failed to conduct a full hearing on the motions. Appellant's second assignment of error is not well-taken.

{¶ 13} On consideration whereof, we find that substantial justice was done the party complaining and the judgments of the Huron County Court of Common Pleas are affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.